LAND, J.
The defendant was prosecuted for failing to have his premises and grocery rat-proofed, as required by City Ordinance No. 2512, C. C. S.
Defendant moved to quash the charge for the reason that there is no second recorder’s court in the city of. New Orleans, and, if there is, there is no judge therefor. This motion was overruled, and the defendant excepted.
(The motion to quash is not pressed in this court.)
The defendant then entered a demurrer to the affidavit and charge as follows:
“Now comes defendant, through undersigned counsel, and for demurrer to the affidavit and charge herein made against him says:
“(1) That Ordinance 2512, Commission Council Series, of the city of New Orleans, upon which this prosecution is based, is unconstitutional, null, and void, and ultra vires of Act 159 of 1912; divests defendant of vested rights; is harsh, unjust, unreasonable, and oppressive and burdensome to defendant and defendant’s property; that it is discriminatory and unreasonable; that defendant’s property heretofore lawfully existing has been transferred into a particular class, and has thereby been created an unlawful structure, and .there is no power in the city of New Orleans to pass an ordinance requiring the inhabitants of the city of New Orleans to alter, change, or reconstruct the buildings they lived in and owned prior to and up to the adoption of said ordinance, under penalty of being prosecuted every day for failure to comply with the conditions of said ordinance; that such authority has been attempted to be exercised in the present instance, and that defendant is called upon to alter and *598 virtually reconstruct the entire building constructed, used, and occupied by him in the manner pointed out by the laws and ordinances of the state of Louisiana and of the city of New Orleans, and for the further reason that it is violative of article 166 of the Constitution of Louisiana, prohibiting the passage of any law divesting vested rights or of any ex post facto law, and that it is violative of article 1, § 10, of the Constitution of the United States.
“(2) That said ordinance, and particularly section 1 thereof, is unconstitutional, null, and void because it contravenes article 166 of the Constitution of Louisiana, relative to divesting vested rights and the passage of ex post facto laws, and article 1, § 10, of the Constitution of the United States, relative to the same matter.
“(3) That said ordinance, and particularly section 2 thereof, is unconstitutional, null, and void because it contravenes article Í66 of the Constitution of Louisiana, relative to divesting vested rights and the passage of ex post facto laws, and article 1, § 10, of the Constitution of the United States, relative to the same matter.
“(4) That said ordinance, and particularly .section 3 thereof, is unconstitutional, null, and void because the city of New Orleans has no power, right, or authority to indiscriminately place "defendant’s building and premises in either one of the classes designated in said section, and particularly class A and class B thereof.
“That said section is unconstitutional for the further reason that defendant’s premises and dwelling heretofore erected under the direction and supervision of the officers of the city of New Orleans is a lawful structure, and cannot lawfully by said section be converted into an unlawful structure. That said section is further unconstitutional because it recognizes but one mode of complying with its terms, and virtually declares any other mode of complying with the purpose for which this ordinance is claimed to have been enacted punishable in the mariner provided therein. That said section is further unconstitutional for the reason that defendant is required to destroy and do away with .all wooden floors, joists, and sills covering the •entire ground area of his building, and to substitute in the place thereof a composition of concrete as described in sdid section, or to separate that side of the building which your defendant uses for dwelling purposes from the .store by erecting a solid wall so as to form a complete barrier between -the living rooms and-the room or rooms used for the business purposes.
“That a compliance with the above provisions will result in a virtual reconstruction of defendant’s building, and will prove burdensome to defendant and defendant’s property. That your defendant’s property is neither a menace to the community nor a nuisance, and cannot, in this indirect manner, be suppressed. That said section is discriminatory and unconstitutional for the further reason that it recognizes and permits in section 4 thereof the reconstruction of a class A building as a class B building under the circumstances named.
“That said section, and particularly class B thereof, is unconstitutional, null, and void for the reason that defendant’s premises and dwelling heretofore erected under the direction and supervision of the officers of the city of New Orleans is a lawful structure, and cannot lawfully by said section be converted into an unlawful structure. That said section is further unconstitutional because it recognizes but one mode of complying with its terms, and virtually declares any other mode of complying with the purpose for which the ordinance is claimed" to have been enacted punishable in the manner provided therein. That class B of said section 3 of said ordinance is harsh, oppressive, and unreasonable, and divests defendant of vested rights acquired under the laws and ordinances of the state of Louisiana and city of New Orleans and of the United States.
“(5) That section 4, and particularly the last clause thereof, is unconstitutional, null, and void, there being no power or authority in the city of New Orleans to order the closing of one or more communicating doors or openings which happen to exist between the rooms of the defendant’s building; that such action is in violation of article 166 of the Constitution of Louisiana, and article 1, § 10, of the Constitution of the United States; nor to declare it unlawful for your defendant to maintain such openings between said rooms; nor is there any power in the city of New Orleans to declare that two rooms under the same roof of your defendant’s building shall be considered a separate house when segregated from the remaining rooms of said building.
“(6) That section 6 of said ordinance is unconstitutional, null, and void. That the city of New Orleans has no right, power, or authority to divest vested rights, to pass ex post facto laws, to order the destruction of the interior walls and ceilings existing in your defendant’s premises, nor the manner and materials to be used in the closing of any unnecessary spaces, holes, ventilators, and other openings which might exist in your defendant’s property.
“(7) That sections 10 and 11 thereof are unconstitutional, null, and void, there being no power in the city of New Orleans to declare and provide that the building erected in accordance with the rules and regulations and city ordinances heretofore existing shall now be an unlawful structure, and shall subject every owner, agent, and occupant to prosecution and fine for each and every day’s failure to alter, reconstruct, or rebuild or otherwise bring the dwelling or property within the strict compliance thereof. 'That said section is an ex post facto provision, and is a provision divesting vested rights of the defendant, and acts retroactively on defendant and defendant’s rights and property. That it is in violation of the articles of the *600 Constitution, of the United States and of the state of Louisiana.
“(8) That said ordinance, and particularly section 12 thereof, is unconstitutional, null, and void, there being no power or authority in the city of New Orleans to declare and provide that the building erected in accordance with the rules and regulations and city ordinances heretofore existing shall now be an unlawful structure, and shall subject every owner, agent, and occupant to prosecution and fine for each and every day’s failure to alter, reconstruct or rebuild or otherwise bring the dwelling or property within the strict compliance thereof. That said section is an .ex post facto provision, and is a provision divesting the vested rights of defendant, and acts retroactively on defendant and defendant’s property rights and property. That it is in violation of the articles of the Constitution of the United States and of the state of Louisiana.”
• The demurrer was overruled, and defendant excepted.
The defendant then entered a plea of not guilty, and the case was tried on the merits.
'Defendant was found guilty, and was sentenced to pay a fine of $10 or to suffer 11 days imprisonment in the parish prison. Defendant has appealed.
The defendant is prosecuted under a new ordinance adopted after the decision of this court in Sanford’s Case, 137 La. 628, 69 South. 35, L. R. A. 1916A, 1228, and intended to conform to the views expressed in the opinion in tha,t case. An analysis of said opinion discloses that this court found the health ordinance of 1914 unreasonable in not providing for notice to property owners, and in delegating certain powers to the health officer of such a nature as to enable him to discriminate between individuals, as to work to be done and materials to be used.
The opinion concludes as follows:
“Other grounds of nullity are argued by the accused, which we deem it unnecessary to notice, further than to say that we have found them to be without merit.”
The city ordinance of 1915 provides for special previous notice of 30 days to property owners, and confers on health officers no authority whatever to except or exempt persons or property from the equal operation of the regulations provided by the ordinance.
The trials of the first rat-proofing cases disclosed that there were many houses in this city that were used as, grocery and feed shops, and also as residences.
To meet this condition, the new city ordinance provided that a building so used might, for the purpose of rat-proofing, be treated as two structures, the part used as a grocery falling in class A, and the part used as a residence falling in class B, the two parts to be separated by the closing of all openings between them above or below the ground, or by constructing a new wall.
The ordinance might have required the rat-proofing of the premises as a whole, but the commission council, in the interest of economy, provided for the separation of the premises as above stated.
Defendant’s building elevated above the ground, is used both as a grocery and as a residence. Groceries furnish free board and lodging to rats, and a nidus for their propagation. That defendant’s premises are not. now infested with the vermin is no excuse for his noncompliance with the provisions of the ordinance, which must be enforced against all groceries or none of them.
Some of the objections urged by the defendant to the city ordinance in question challenge the power- of the commission council to enact and enforce the rat-proofing ordinance.
The Constitution provides that the General Assembly shall create state, parish, and municipal boards of health, and shall define the duties and prescribe the powers thereof. Article 296. Section 2 of Act No. 173 of 1912, amending section 7 of Act 192 of 1898, empowers parish and municipal hoards of health to pass health and sanitary ordinances for defining and abating nuisances dangerous to the public health—
*602 “to regulate the carrying on of trade and business injurious to public health; * * * to regulate the erection of buildings with due regard to the filling of lots and the grading thereof, and the arrangements of said buildings; for the vacation or demolishing of buildings when necessary for the protection of public health, etc.
The same section provides that any person violating any provision of any ordinance of said parish and municipal board of health shall, on conviction, be fined not less than $10 nor more than $25, or suffer imprisonment in the parish prison for not more than 30 days or both. Section 7 of Act 192 of 1898, conferred the same powers on parish and municipal boards of health.
If a board of health has the power to order the vacation or demolition of any building, when necessary for the protection of the public health, it surely possesses the lesser power to order any building to be put in such' a condition as to prevent its becoming a focus of plague infection.
The law makes the board of health the judge of the necessity for the protection of the public health, and -of the means to be adopted for that purpose. That the bubonic plague prevailed in this city during the summer and fall of the year 1914 cannot be disputed. The best medical experts of the nation were called in to advise and assist our state and local boards in their fight against the pestilence, which was stalking in our midst. These experts advised the boards and the public that the rat-proofing of all buildings and structures, in which rats might find food or shelter, or both, was absolutely necessary to check the spread of the bubonic plague and to finally eradicate the dread disease by the extirpation of rats within the limits of the city of New Orleans.
Pursuant to this advice, the board of health of the city of New Orleans, on July 25, 1914, passed an ordinance to better protect the public health, and particularly to prevent the introduction and spread of bubonic plague, by providing for the rat-proofing of all premises and buildings in the city of New Orleans. The validity of this ordinance, as amended by ordinance adopted September 8, 1914, was passed upon by this court in the consolidated cases of the city of New Orleans v. Ricker and Beck, reported in 137 La. 843, 69 South. 273. In those cases this court held that the health ordinance was a valid and constitutional exercise of the police power of the state, in the interest of the safety of the people; that every possible presumption is in favor of the validity of such an ordinance, until the contrary be shown beyond a reasonable doubt; and that whether the existence of bubonic plague in the city of New Orleans involved such a danger to the public health as to require the rat-proofing of all the buildings and structures in said city was one of fact and of public policy which belongs to the legislative department of the government.
In the Sanford Case, reported in 137 La. 628, 69 South. 35, L. R. A. 1916A, 1228, but decided several months after the cases of Ricker and Beck, no reference is made to those cases, but the decision was based on the invalidity of certain provisions of the health ordinance. This court did not hold, and would not have held, that the board of health of the city of New Orleans was without power to pass a rat-proofing ordinance, free of the special defects pointed out in the opinion in the Sanford Case. The decision in the Sanford Case was construed by the profession, the boards of health, and the public as holding that the city board of health had the power to pass a rat-proofing ordinance, uniform in its provisions and not discriminating in favor of or against any class of property owners. The city ordinance, now in question, was most carefully drafted by the able attorney for the board of health of the city of New Orleans, to meet not only the ruling of this court in the Sanford Case, but other objections to the ordinance urged by counsel for the defendant.
*604 The very able, and ingenious counsel for the defendant in the present case has been driven to the necessity of assailing the ordinance as invalid, because it interferes with his client’s property rights, in that it forces him to reconstruct his building, erected about 12 years ago, in accordance with the building ordinances of the city of New Orleans.
As the city board of health since 1898 has had the power to pass health and sanitary ordinances to regulate the erection and arrangement of buildings, and for their vacation or demolition when necessary for the protection of the public health, it follows that defendant constructed his building subject to the right of the board of health to exercise its powers over the structure to the point of demolition.
The necessity for and the extent of the rat-proofing required by the ordinance was one of fact and of public policy which belongs to the legislative department of the government. City of New Orleans v. Ricker, 137 La. 843, 69 South. 273; Health Department of the City of New York v. Rector of Trinity Church, 145 N. Y. 32, 39 N. E. 833, 27 L. R. A. 710, 45 Am. St. Rep. 579; Powell v. Pennsylvania, 127 U. S. 678, 8 Sup. Ct. 992, 1257, 32 L. Ed. 253.
The parish of Orleans and the city of New Orleans embrace the same territory, and the commission council of the city is both a state and municipal agency for all purposes of local government.
In the Sanford Case, 137 La. 641-642, 69 South. 35, L. R. A. 1916A, 1228, the power of the commission council to enact health ordinances and to enforce the same in the municipal courts having jurisdiction was affirmed. Counsel for defendants in those cases contended that:
“Tbe proper authority to have legislated upon the subject-matter of this ordinance was the commission council of tbe city of New Orleans; that tbe board of health was without authority to do so.” 137 La. 639, 69 South.. 39, L. R. A. 1916A, 1228.
Act No. 159 of 1912, p. 264, § 6, empowered the commission council—
“to adopt such ordinances and regulations as shall be necessary or expedient for the protection of health and to prevent the spread of disease, and to maintain a good sanitary condition in the streets, public places and buildings, and on all private premises.”
The same act (page 271, § 25) provides that:
“Recorders shall have the power to enforce all valid city ordinances, and to try, sentence and punish all persons who violate same.”
Article 141 of the Constitution provides that recorder’s courts in the city of New Orleans — ■
“shall have no jurisdiction except for the trial of offenses against city ordinances.”
The state law provides that any person violating any provision of any ordinance of a parish or municipal board of health shall, on conviction, suffer fine or imprisonment, or both. Act 173 of 1912, p. 315, § 2.
Hence the contention of the defendant that he cannot be prosecuted criminally for refusing to rat-proof his premises is without merit.
The complaints that the ordinance divests the vested rights of the defendant, and deprives of his property without due process of law are wholly unfounded.
“Salus populi est suprema lex.” A maxim meaning: “The health of the people is the first law.” 35 Cyc. 714.
The objection to the ordinance on the ground of the expense of rat-proofing, not manifestly excessive, is without merit.
Judgment affirmed.
SOMMERVILLE, J., takes no part.
O’NIELL, J., concurs in the decree.