PONDER, Justice.
 

 The defendant was charged in the City of Shreveport with flying an airplane less than 1,000 feet above the waters of Cross Lake and bringing his airplane to rest on the waters of Cross Lake, in violation of city ordinance No. 8 of 1947. The defendant filed a motion to quash the charge on the grounds that the ordinance is illegal, ultra vires and unconstitutional. Upon hearing of the motion, the trial court gave judgment decreeing the ordinance unconstitutional and ordered the defendant discharged. The city has appealed-
 

 Ordinance No. 8 of 1947 of the City of Shreveport imposes a fine of not more than $100 or imprisonment of not more than 30 days, or both, at the discretion of the court for any person to fly an airplane, seaplane or any other aircraft machine less than
 
 *372
 
 1,000 feet above the waters of Cross Lake, or for the operator of such machine to bring the machine to rest or take off from the waters of the lake, except in cases of emergency.
 

 Under the provisions of Acts Nos. 31 of 1910, 149 of 1920 and 39 of 1926, the city was granted the authority to adopt and enforce police and sanitary regulations and ordinances over the bed and waters of Cross Lake and an area surrounding the lake with its tributaries for a distance of 5,000 feet from the 172 foot mean gulf contour line of the lake for the protection of its citizens from pollution and contamination as a water supply for the City of Shreveport.
 

 Cross Lake is a large body of water some 10,000 acres in area, lying near, but beyond, the corporate limits of the City of Shreveport. The general powers granted the city under its charter do not authorize the exercise of any authority over the lake. Its authority flows from special acts of the Legislature, aforementioned.
 

 Counsel for the defendant contends that the ordinance was not primarily adopted for the prevention of pollution and contamination of the waters of the lake and that airplanes pose no real or substantial threat to the purity of these waters.
 

 The position is taken that the cause which induced the passage of the ordinance was the dangerous aerobatics of a certain person who had been flying an airplane at such a low altitude, and in such a manner,, as to frighten and endanger the occupants of boats on the lake. He contends that there was no emergency in relation to the-contamination of the waters, but the ordinance was passed to protect the safety of fishermen.
 

 We are not concerned with the motives which induced the council to adopt the ordinance, but only with the power of the city to adopt it. The motives of a municipal council cannot be inquired into for-impugning the validity of a public ordinance. City of New Orleans v. Griffin, 147 La. 1089, 86 So. 554. It is sufficient if the ordinance as a whole bears a rational' relation to the protection of these waters, from pollution and contamination. We-cannot interfere with the city in the exercise of its powers to protect the health of its citizens from pollution of these waters in the absence of a clear abuse of its discretion, unless the ordinance is manifestly unreasonable and oppressive. While the city has not been granted full police power, it has been granted sufficient police power to prevent the pollution and contamination of these waters, in order to protect the-health of its citizens. Its authority to pass-necessary ordinances for this purpose is-governed by the rules applicable to the exercise of police power. It is not within the province of the courts, except in clear cases to interfere with the exercise of a power,, imposed by law in a municipal corporation,, to pass ordinances relating to objects with
 
 *373
 
 in the proper domain of the police power. This is especially true when the object is the protection of public health. Among the police powers none are more important than that for the protection of public health. It is the function of the legislative branch of the government to exert what are known as the police powers of the state and to determine primarily what measures are appropriate or needful for the protection of public health. City of New Orleans v. Schick, 167 La. 674, 120 So- 47. The Schick case is also authority that courts will not interfere with the action of local legislative authority in the exercise of a police power, unless it is plain and palpable that such action has no real or substantial relation to public health or safety or general welfare. The city has been granted sufficient police power to protect the health of its citizens from the pollution or contamination of its water supply and we are not prepared to say that the city abused its discretion in adopting the ordinance, or that it has no substantial relation to the pollution or contamination of the waters of the lake.
 

 The defendant admitted that he intended to operate a seaplane base on the lake. If the ordinance were stricken down, there would be nothing to prevent the establishment of numerous seaplane bases on the waters of this lake. The operation of one seaplane base on these waters might not have a tendency to pollute them, but the operation of many such bases could have such tendency. , “Laws, both state and municipal, are passed with reference to the future, and those which may appear to be unreasonable at the time of the adoption may. very soon be most reasonable in their application.” State v. St. Louis, I. M. & S. R. Co., 138 La. 714, 70 So. 621, 623.
 

 It is contended that the ordinance violates the equal protection and due process clauses of the constitution, article 1, §§ 2, 6, in that, it is arbitrary and discriminatory. The position is taken that, because boats are given the free usage of the lake, the ordinance is arbitrary and discriminatory because boats would tend to pollute the waters in a like manner by the dripping of oil and gasoline. In support of this contention, counsel for the defendant cites the case of Shreveport v. Schultz, 154 La. 899, 98 So. 411. The authority cited is not pertinent for the reason that it involved a discrimination between persons similarly situated, i. e., merchants.
 

 The ordinance involved herein affects alike all persons similarly situated. In other words, it applies to all operators of planes. It is not arbitrary or discriminatory within the purview of the constitution. Due process of law and equal protection are had because the ordinance affects alike all persons similarly situated. City of New Orleans v. Schick, supra.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside. The affidavit charging the defendant with the violation of the ordinance is rein
 
 *374
 
 stated and the case is remanded to be proceeded with according to law.
 

 O’NIELL, C. J., absent.