185 So.2d 278 (1966)
Martha Ellen MEYERS et al.
v.
CITY OF BATON ROUGE et al.
No. 6603.
Court of Appeal of Louisiana, First Circuit.
April 4, 1966.
*280 Clint L. Pierson, E. Leland Richardson, of Dale, Richardson & Dale, Baton Rouge, for appellant.
R. Gordon Kean, Jr., and John V. Parker, Robert C. Taylor, Seale, Hayes, Smith & Baine, Charles W. Wilson, of Watson, Blanche, Wilson, Posner & Thibaut, Tilton & Whalen, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This is an action for declaratory judgment by certain resident property owners of the City of Baton Rouge, Parish of East Baton Rouge, to test the constitutionality of Ordinance No. 1489 of said municipality, adopted May 13, 1964, amending the city's comprehensive zoning ordinance to rezone certain property situated at the northeast corner of the intersection of Highland Road and Lee Drive from A-1 (single family residential) to C-1 (commercial) and simultaneously providing a B-1 (transitional residential) buffer zone between the rezoned area and other residential property to the north and east thereof. After trial on the merits, the lower court declared the assailed ordinance valid and from said adverse adjudication plaintiffs have appealed.
Appellants' specification of errors presents two basic issues which may be summarized as follows: (1) The trial court erred in refusing to resolve the question of legality of the ordinance solely on the evidence and testimony adduced at the hearings held before the City Council as required by law. In this connection appellants contend the transcript of hearings before the council shows the adoption of the ordinance in question was arbitrary and unreasonable in that no substantial or competent evidence was adduced to support the application for rezoning the property in question. Also in this regard, appellants maintain the lower court erred in permitting defendants to introduce further evidence in support of the legality of the ordinance, it being plaintiffs' contention the trial court must determine the legality of the ordinance solely on the evidence presented at the hearings held by the municipal governing authority. (2) Alternatively, appellants aver that, assuming additional evidence was properly considered by the trial court, the record nevertheless shows the action of the City Council was arbitrary and capricious thereby rendering the ordinance unconstitutional.
Subject property is situated approximately one mile south of the campus of Louisiana State University. Both Highland Road and Lee Drive are two lane paved thoroughfares. Highland Road runs in a northerly-southerly direction while Lee Drive courses easterly-westerly, the two roads intersecting at right angles. The property in question was formerly part of a tract of some two hundred acres owned by the Duplantier family, the 17 acres involved herein being presently owned by applicant for rezoning, Ross E. Cox.
In 1958 the City Council of Baton Rouge adopted a comprehensive zoning ordinance which, with exceptions, zoned as A-1, (single family residential), practically all lands south of Louisiana State University from the Mississippi River eastward. Since adoption of the aforesaid comprehensive ordinance, it has from time to time been amended to rezone as commercial certain residential areas located south of the university.
*281 The owners of the Duplantier tract decided to develop a portion of their property fronting Highland Road into a subdivision of several hundred residential sites, to be denominated Plantation Trace. They elected to reserve, however, a 17 acre parcel at the northeast corner of Highland Road and Lee Drive, measuring 1440 feet on Highland Road by 440 feet along Lee Drive and by a depth of 525.2 at its northwestern end. Application by the present owner, Cox, was made to the Planning Commission to amend the comprehensive zoning ordinance to allow erection of a modern multiple business shopping center on the 17 acre parcel in question. Following advertisement and two hearings before the Planning Commission, that body approved Cox's application and recommended adoption by the City Council of an ordinance affecting the requested reclassification. Pursuant to said recommendation and approval defendant municipal authority enacted the ordinance which appellants herein seek to have declared invalid.
Appellants' position, succinctly stated, is that the action of the City Council in rezoning subject property commercial is arbitrary, unreasonable and capricious because the general area is presently adequately served by shopping centers and commercial establishments consequently there is no need for the facilities proposed by applicant. It is further contended that the evidence presented the City Council was insufficient to justify the reclassification sought and that the rezoning ordered bears no substantial relation to the public welfare or interest. It is also contended the ordinance violates the provisions of Article XIV, Section 29, and the due process clause of the Constitution of Louisiana.
In support of the contention that the District Court was limited in adjudicating the validity of the ordinance in question to a consideration of the evidence presented before the City-Parish Council at the public hearing before that body as reflected in the transcript thereof, appellants cite Price v. Cohen, 213 Md. 457, 132 A.2d 125, 76 A.L.R.2d 1166. We note initially that the cited authority is readily distinguishable inasmuch as our statute governing the subject matter is vastly different from the Maryland law. Although the court in the Maryland case states that the "courts will not substitute their judgment for that of the legislative body if the zoning is fairly debatable," thus recognizing that zoning is a legislative matter, the Maryland statute apparently permits certiorari from the board of tax appeals to the courts. Not so under our statute considering our law makes no provision for an appeal to the courts from a determination in a matter relative to zoning. The initial action by appellants herein is not an appeal but rather a suit attacking the validity of a duly adopted municipal ordinance and is therefore governed by the rules of procedure and evidence applicable in an ordinary declaratory judgment action pursuant to the pertinent presumptions and burdens of proof discussed hereinafter.
The well established general rule recognizes that municipal authority to enact zoning regulations is legislative in nature and the adoption of an ordinance of such character is a legislative matter. In McQuillin, Law of Municipal Corporations, § 25.278, we find the applicable principle stated thusly:
"§ 25.278. Limitations on courts; judicial attitude
Judicial power to inquire into, review and set aside municipal zoning laws is subject to definite limitations arising from the nature of zoning as governmental and legislative, and from the separation of the judiciary from the legislative department of government. This limited scope of judicial review must be kept in mind with respect to contentions that an ordinance adopted pursuant to a zoning statute is arbitrary, unreasonable and unconstitutional. Zoning is a legislative function and, hence, under the limitation thus arising from the constitutional *282 separation of powers, it is not subject to judicial interference except for abuse of discretion, excessive use of power or error of law. It follows likewise that courts cannot substitute their judgment as to matters of zoning for that of the municipal legislative body or other zoning authority. The courts may not assume powers and functions which the law has lodged in other agencies of government relative to the adoption and administration of the zoning laws; in other words, a court may not constitute itself as a zoning commission, or `superzoning' commission, or zoning board. Moreover, the courts cannot write nor rewrite the zoning laws, nor force the legislative body to enact or amend a zoning ordinance or to refrain from so doing. And although it has been indicated in some decisions that a court may be given by statute power to substitute its judgment for that of a city government relative to zoning matters, a statute so providing has been deemed unconstitutional on the ground that the legislative functions of adopting zoning plans and laws may not be performed by the judicial department of government.

* * * * * *
The general rule is that courts will not and cannot inquire into motives of members of a municipal governing body or other zoning authority where the validity of zoning plans or laws is under consideration. Nor will or can they inquire into the factors or reasons that move a city council in passing a zoning ordinance. Likewise, courts have nothing to do with the wisdom, desirability or good policy of zoning."
It is equally well established that the courts are not entirely without authority to grant relief against a zoning law which is unreasonable, arbitrary, discriminatory, unconstitutional or otherwise invalid. Similarly, the courts can determine whether or not a zoning measure is a proper and reasonable exercise of the police power within the limits of public necessity and bears a substantial relationship to the public health, comfort, safety, morals or welfare. Further, courts may determine whether a zoning measure constitutes a taking of private property without compensation or due process of law and may review a zoning classification or reclassification to determine whether it is fair and reasonable or arbitrary and discriminatory. McQuillin, Law of Municipal Corporations, § 25.277.
That the courts of our state recognize the legislative character of zoning ordinances is shown by the treatment accorded the subject matter in Sears, Roebuck & Company v. City of Alexandria La.App., 155 So.2d 776 and Archer v. City of Shreveport, La.App., 85 So.2d 337. In the Archer case, supra, we note the following pertinent pronouncement.
"Moreover, it is well settled that courts will not interfere with the legislative authority in the exercise of its police power unless it is plain and palpable that such action has no real or substantive relation to the public health or safety or general welfare. City of Shreveport v. Conrad, 212 La. 737, 33 So.2d 503; City of Shreveport v. Bayse, 166 La. 689, 117 So. 775. There also exists a presumption that an ordinance adopted under the police power of the state is valid, and the burden of proving the contrary is on him who asserts the invalidity or nullity. City of New Orleans v. Beck, 139 La. 595, 71 So. 883, L.R.A.1918A, 120; Ward v. Leche, 189 La. 113, 179 So. 52; State v. Saia, 212 La. 868, 33 So.2d 665; State v. Rones, 223 La. 839, 67 So.2d 99."
Considering appellants' contention the reasonableness of the ordinance must be adjudged solely in the light of the evidence adduced before the enacting authority, we find that the hearings required are designed solely to afford interested parties an opportunity to be heard before the governing authority makes a decision *283 under its police power which by its nature will affect private property rights and values. No provision of our law requires the proceedings of such hearings be recorded nor have appellants cited any statutory regulation prohibiting the governing authority from considering evidence, testimony or information obtained outside such hearings by personal investigation. Neither are we aware of any prohibition against the members of the governing authority resorting to their individual knowledge and experience in making decisions in such matters. How, when and where the local authorities gain knowledge of the subject matter is of no concern to the courts. What is said at the required public hearings is not necessarily the criteria of reasonableness when an ordinance of such nature is attacked as being arbitrary or discriminatory. The test to be applied is whether it is in fact arbitrary, unreasonable and discriminatory in the light of all attending circumstances. We hold, therefore, our esteemed brother below property concluded evidence other than that adduced at the public hearing was admissible for the purpose of determining the validity of the ordinance in question.
In asserting the alleged unreasonableness of the ordinance under consideration, learned counsel for appellants contends, as will hereinafter be more fully shown, that rezoning the disputed area commercial would materially increase traffic congestion upon Highland Road. At this juncture we deem it necessary to point out that the regulation of vehicular traffic upon city streets and thoroughfares is also a legislature function within the police power of the municipal authorities and it is not the province or function of the courts to substitute their judgment for that of the governing authorities of the municipalities with respect to solution of traffic problems. Scott v. City of West Monroe, La.App., 95 So.2d 343.
Interpretation of a municipal ordinance enacted pursuant to the police power vested in such a political subdivision must be accomplished subject to the presumption that the ordinance is valid, and the burden of proving the contrary rests upon the party asserting its invalidity or nullity. Chapman v. City of Shreveport, 225 La. 859, 74 So.2d 142. See also McQuillin, Law of Municipal Corporations, § 20.06-20.10. This presumption is applicable to zoning ordinances. Archer v. City of Shreveport, La.App., 85 So.2d 337; Sears, Roebuck & Company v. City of Alexandria, La.App., 155 So.2d 776.
The principle involved is well put in the following language appearing in Sears, Roebuck & Company v. City of Alexandria, supra, which we quote with approbation:
"Another pertinent general principle of law is that zoning ordinances, adopted in accordance with the procedure set up in the enabling statute, are presumed to have been adopted by the municipal authorities for valid purposes and their discretion will not be interfered with by the courts, unless it is clearly shown that the ordinance is arbitrary, unreasonable and in violation of the enabling statute. Archer v. City of Shreveport, 85 So.2d 337 (2nd Cir.App. 1956); State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260; 58 Am.Jur. 949 Verbo Zoning, Section 16. The burden is always upon the one assailing the zoning ordinance to overcome this presumption of validity. The court will uphold the ordinance unless it is clearly shown to be incompatible with the enabling legislative act or the constitution. Doubtful cases are decided in favor of the zoning law."
The question before us, therefore, is whether plaintiffs have carried the burden of establishing that the ordinance attacked was arbitrary or unreasonable. Such determination is purely factual and necessarily *284 requires discussion in some detail of the evidence adduced in the trial court.
It appears Highland Road is a state highway running southerly from downtown Baton Rouge through the campus of Louisiana State University and then turns southeasterly toward the southern boundary of East Baton Rouge Parish and ends at the Airline Highway connecting Baton Rouge and New Orleans. Approximately two miles northeast of Highland is another such main highway, Perkins Road, a two lane highway, which also runs in a southeasterly direction. For a distance of over six miles south of the southern extremity of Louisiana State University campus there are only three connecting roads or streets linking Highland Road and Perkins Road, namely, Stanford Avenue located about two blocks south of the university campus, Lee Drive situated approximately 9/10 of a mile south of Stanford Avenue and Staring Lane which is about 2.9 miles south of Lee Drive. The testimony discloses the area near the intersection of Staring Lane and Highland Road is known as "Laurel Lea"; the general vicinity of the intersection of Perkins Road and Lee Drive is apparently known as "Southdowns", and one and one-half miles south of Lee Drive and Highland Road, at the intersection of Highland Road and Highland Park Drive, a subdivision street, is an area known as "Highland South." As previously noted the rezoned area is situated at the northeast corner of the intersection of Highland Road and Lee Drive.
Mr. Richard A. McEwen, Planning Director for the City-Parish Government of East Baton Rouge, testified that his office prepared population density data showing population changes since the 1960 census, as well as the increase in dwelling units in each of fifty zones in the City of Baton Rouge and its immediate environs within the parish. For the year 1964, the figures were compiled, not by a house to house census, but were estimated upon various growth factors including, inter alia, building permits issued by the city-parish authorities and checked by aerial photography, postal and other records. McEwen conceded such figures were not entirely precise but his testimony shows they were reasonable accurate for the intended purpose. According to his records the zone extending from a point approximately one mile northwest of the intersection of Lee Drive and Highland Road to a point 7/10 mile southeast thereof shows a 13% increase in population during the four year interval 1960-1964. The next two zones situated on Highland Road to the southeast have shown population increases of 47% and 97% respectively, during the same four year period.
Mr. Robert T. Clegg, member of the East Baton Rouge Parish Council for eight years (the City-Parish Government being composed of a City Council, a Parish Council and a Mayor-President), testified that he also served on the Planning and Zoning Commission of the City-Parish Government for four years and in such capacity provides liaison between the two bodies. He deposed that Lee Drive and Highland Road are each major streets and, as such, constitute part of the primary roadway system of the City of Baton Rouge. He deemed rezoning of the disputed area justified on the ground there is presently no major shopping center on Highland Road south of or below the university. He acknowledged the presence of certain "service centers" in the vicinity but discounted their ability to adequately meet the needs of the expanding populace because they represented scattered or isolated commercial establishments with inadequate parking facilities. It was his opinion the area was in need of a modern shopping center containing establishments selling clothing, furniture, hardware, drugs and the various other articles demanded by present day consumers and also providing parking space commensurate therewith. He conceded he had received no complaint from residents regarding a lack of such facilities.
*285 A member of both the City and Parish Council, Goode Smith, testified that his vote in favor of the rezoning in question was prompted by the testimony adduced at the public hearing held by the City-Parish Council and his personal inspection of the site. In this regard, a stipulation in the record recites that if the remaining members of the City Council were called to testify they would depose substantially similar to Mr. Smith and Mr. Clegg.
Plaintiffs introduced evidence of a traffic count taken between the hours of 7:15 and 8:15 on the morning of April 22, 1964, during which interval 897 vehicles passed a given point on Highland Road northwest of Lee Drive and 1,139 vehicles went by a certain point southwest of Lee Drive.
Miss Mildred Dubois, plaintiff, testified that she and William F. Burbank, Sr. made an inspection of shopping centers and commercial establishments situated on Highland Road, Perkins Road and Stanford Avenue during the course of which buildings were measured with a tape and notations were made regarding occupancy, vacancy and particular use of each building. Among the facilities noted is the large University Shopping Center comprising a ten acre plot containing 48,400 square feet of buildings located north of the university campus 1.8 miles north of the subject property. Miss Dubois also noted other commercial establishments in the general vicinity, including gas stations, grocery stores, a hardware store, a shopping center located 1.7 miles south of Lee Drive containing a grocery, 5 & 10 store, barber shop, beauty shop and cleaning establishment.
Plaintiff, Martha Ellen Meyers, testified that her residence is located directly across Highland Road from the proposed shopping center. She feared the value of her property would be reduced "because no one would like to live across the road from a shopping center," and the increase in traffic would enhance the difficulty of egress, a problem she presently experiences during peak traffic time in the morning.
Appellant, Jack Gilmore, who resides approximately 2/10 of a mile from the proposed shopping center, in essence testified he anticipated an increase in traffic on Highland Road if the proposed facility were constructed thus rendering residence on Highland Road less desirable.
Robert P. Breazeale, attorney and Chairman of the City-Parish Zoning Commission, testified that in rezoning the property in question the commission considered the fact that the property across Lee Drive from the proposed establishment was presently zoned commercial; that the property on both sides of Lee Drive towards Perkins Road was vacant; that the proposed center is at a major street intersection, and that across Highland Road from the proposed facility were located several small residences and a slush pit used in connection with an oil well. He also pointed out that while Lee Drive is a city street and Highland Road a state highway, both being two lanes, the right of way for Lee Drive is sufficient to convert it into a four lane thoroughfare. Another circumstance considered was the fact that planned development was more desirous than permitting residential development without provision for adequate commercial services which invariably lead to the problem of subsequent imposition of commercial zoning on an established residential area. In the case at hand, it was felt that a planned, coordinated development of the entire Duplantier tract of over 200 acres would be in the best public interest.
In the opinion of Edward E. Evans, consulting engineer with an M.S. degree in Civil Engineering and member of the City-Parish Planning and Zoning Commission, the proposed shopping center was sufficiently distant from any other shopping center of any consequence, to provide adequate shopping facilities to local residents and at the same time eliminate some of the congestion along Highland Road by *286 obviating the necessity of such residents traveling to other areas to shop.
Stanford O. Bardwell, realtor with many years experience, deposed that residential values along Highland Road would be enhanced rather than depreciated by construction of the proposed center.
The ordinance in question is entitled to the presumption of validity and may not be declared unconstitutional unless its nullity is clear and palpable. Considering it is an exercise of defendant's police power, it may not be set aside unless abuse of such power is shown to be manifestly arbitrary or without reason or basis to support it.
In view of the foregoing summary of evidence appearing in the record, we cannot conclude defendant governing authority acted unreasonably or that the ordinance is clearly and palpably arbitrary and discriminatory. Nor can we say that the exercise of the police power in this instance is without reason or basis. It is not our function to question the desirability or need for such a facility where some need can be shown for its construction. While some need for such a facility appears from the record, we point out that need alone is not the sole factor to be considered in determining reasonableness of such an ordinance. Among other factors always to be considered is the effect upon adjoining and surrounding properties. In the instant case there is no evidence to justify the conclusion adjacent properties will be adversely affected. Nor are we permitted to inquire into the motives of the governing authorities in such instances. Irrespective of the intent of the governing authority if the action is reasonable and bears a logical relationship to the public interest, it cannot be abrogated by the courts.
Appellants having failed to discharge the burden incumbent upon them of proving the ordinance unreasonable, arbitrary, discriminatory or capricious, the judgment appealed herein is affirmed at appellants' cost.