SANDERS, Justice
(dissenting).
The vagrancy ordinance of the City of New Orleans fixes a maximum penalty of 90 days imprisonment. William P. Mc-Allister pleaded guilty to a violation, and based upon a consideration of the circumstances pertaining to the sentence, the trial judge sentenced him to be confined for 75 days and to pay a fine of $100.00. After *416 serving part of the sentence, the defendant attacked the penalty section of the ordinance. He contends the section conflicts with a state statute.
The ordinance is presumed valid, and the burden is upon the defendant to clearly demonstrate its invalidity. Steiner v. City of New Orleans, 173 La. 275, 136 So. 596; City of New Orleans v. Toca, 141 La. 551, 75 So. 238, L.R.A.1917E, 761; City of New Orleans v. Beck, 139 La. 595, 71 So. 883, L.R.A.1918A, 120. With this principle in mind, I examine the basic statutes.
Louisiana Act No. 178 of 1904, as amended by Act No. 205 of 1908,[1] authorized municipalities to punish vagrancy by a fine of not more than $30.00 or imprisonment for not more than 30 days, or both, at the discretion of the court. This penalty is applicable to the City of New Orleans, unless other constitutional or statutory provisions exempt the City from the limitation.
In a later statute, the Louisiana Legislature did make a contrary provision for the City of New Orleans. Act No. 338 of 1936, amending Act 159 of 1912, provided in section 8, subparagraph 14:
“The Commission Council shall have the power to punish for violations of ordinances, by fine up to One Hundred Dollars ($100.00), and imprisonment in the Municipal Jail or House of Detention, or on Parish Farm, for terms not to exceed ninety (90) days and may providfe and fix the cost of court to be paid by persons convicted.”
The 1936 statute is the last expression of legislative will as to the penalty and contains a clause repealing all laws inconsistent with it. Hence, under familiar rules, the 90-day penalty for New Orleans in the 1936 statute would prevail.
The majority concedes that the 90-day penalty would apply except for section 1 (d) of the 1936 statute, which provides:
“The City of New Orleans shall also have all powers, privileges and functions which by or pursuant to the Constitution of this State, have been, or could be granted to, or exercised by any city, and shall have power to pass ordinances, and to exercise full police power in connection with any function of municipal government within the territorial limits of said city, including the right, power and authority, to pass ordinances on all subject matters, including subject matters which the Legislature has reserved to itself the right to regulate, but has not regulated, or has not fully regulated, on which the Legislature has reserved to itself the right to legislate, but has not legislated, or has passed general or special laws which do not cover the entire subject matter, and on any and all other *418 subject matters without exception, regardless of whether or not the Legislature has enacted special or general laws upon the same subject matter, subject only to the limitation that the provisions of said ordinances shall not directly conflict with the provisions of any state laws upon the same subject matter.’’ (Italics mine).
A comparison of the language of section 8, subparagraph 14 (the 90-day penalty section) with that of section 1(d) makes clear that the two provisions can be reconciled and both given effect. Section 8, sub-paragraph 14, applies specifically to the penalty for violation of ordiances in New Orleans. Section 1(d) applies to the subject matter of ordinances, that is, to their general provisions. The words subject matter, in either the singular or plural, are repeated in section 1(d) four times.
I conclude, therefore, that the 90-day penalty of Act No. 338 of 1936 became effective as to vagrancy in New Orleans.
As amended in 1950,[2] Article 14, Section 22 of the Louisiana Constitution made Act 338 of 1936 a part of the New Orleans Home Rule Charter. With its 90-day penal provision, the statute has continued in effect to this date.
I find here, not a conflict between a city ordinance and a state law, but a conflict between a special New Orleans penalty provision in a state statute with a general penalty provision in an earlier statute.’ The later, special provision, of course, must prevail. See Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11.
For the reasons assigned, I respectfully dissent.

. Now LSA-R.S. 33:4874.

. Act-No. 551 of 1950.