352 So.2d 361 (1977)
Gordon K. KONRAD
v.
PARISH OF JEFFERSON.
No. 8488.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
Gordon K. Konrad, in pro. per.
Harry Lee, Parish Atty., Gretna, Lawrence J. Fritz, Asst. Parish Atty., Metairie, for defendant-appellant.
Before GULOTTA, STOULIG and BEER, JJ.
STOULIG, Judge.
Defendant, the Parish of Jefferson, has appealed a judgment ordering it to rezone and reclassify ten lots owned by plaintiff, Gordon K. Konrad, from "R-1 Residential" to "C-1 Commercial." The property is located at the intersection of West Esplanade Avenue North and Severn Avenue, two major traffic arteries that border the Fat City commercial development in East Jefferson. The rear property line is a major drainage canal situated in the neutral ground area that divides the eastbound and westbound traffic lanes of West Esplanade Avenue.
The property immediately to the south that fronts on West Esplanade Avenue South and abuts the other side of the drainage canal is zoned C-1 Commercial. Other properties lying between the north bank of the drainage canal and the north roadway of West Esplanade are zoned for commercial use. In fact the testimony indicates the plaintiff's property is totally unsuitable for residential purposes.
Hugh Ford, Planning Director for Jefferson Parish, testified his department's advisory board recommended to the Parish Council that plaintiff's request for a zoning change be denied for three reasons:
1. There was no need for additional commercial property in the area.

*362 2. Plaintiff's property was not eligible for rezoning under the rule that abutment to commercial property would qualify the adjacent property for reclassification as commercial and that the reclassification would constitute spot zoning.[1]
3. Rezoning plaintiff's property as commercial would endanger the existing residential section located between Fat City and the south shore of Lake Pontchartrain.
Under cross-examination, appellant's planning director acknowledged the property could not be developed as single family dwellings but that under the R-1 classification it could be used for a church or a school. He admitted that the usage of the property for single family residences would be impractical.
When Ford was confronted with the zoning regulation[2] that for zoning purposes the boundaries of two or more districts[3] abutting a water area shall extend into midstream, he conceded that the reclassification of plaintiff's property would be an extension of C-1 and not spot zoning as initially indicated in the advisory board's recommendation to the Parish Council.
Before the court may reverse a zoning classification, plaintiff must establish the agency abused the law-making discretion vested in it by the legislature. In discussing the limited access to judicial review in this area, the Supreme Court in Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659, 672 (La.1975), stated:
"The authority to enact zoning regulations flows from the police power of the various governmental bodies; zoning is a legislative function. State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440 (1923); State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613 (1921); Meyers v. City of Baton Rouge, 185 So.2d 278 (La.App. 1st Cir. 1966); Smith v. City of Baton Rouge, 233 So.2d 569 (La.App. 1st Cir. 1970). Courts will not and cannot substitute their wisdom for that of a legislative body or other zoning authority except when there is an abuse of discretion or an excessive use of power. However, the exercise of a police power in zoning cannot be made without substantial relation to the health, safety and general welfare of the public. City of Shreveport v. Conrad, 212 La. 737, 33 So.2d 503 (1947); City of Shreveport v. Bayse, 166 La. 689, 117 So. 775 (1928). All ordinances are presumed valid; whoever attacks the constitutionality of an ordinance bears the burden of proving his allegation. City of New Orleans v. Beck, 139 La. 595, 71 So. 883 (1916); Ward v. Leche, 189 La. 113, 179 So. 52 (1938). * * *"
Using this and the criteria enunciated in Dufau v. Parish of Jefferson, 200 So.2d 335 (La.App. 4th Cir. 1967), the trial judge concluded the board-recommended council decision to deny rezoning was in fact an abuse of discretion. Among the factors influencing this result was that (1) more than 10,000 vehicles passed the property daily on West Esplanade Avenue; (2) the property is unsuited for residential use; (3) the already heavy traffic flow on Severn Avenue, the side boundary, was soon to increase with the construction of a bridge across the canal; (4) a large sewerage and water manhole and an 8-foot-high lift are located on adjacent property; and (5) other properties fronting on the neutral ground side of West Esplanade Avenue North are zoned C-1 Commercial.
*363 All these factors combine to demonstrate the three reasons Ford enumerated for denial of the request to rezone plaintiff's property are arbitrary and capricious. The evidence demonstrates reclassification to commercial is imperative if plaintiff's property is to remain in commerce.
For the reasons assigned the judgment is affirmed.
AFFIRMED.
NOTES
[1] Mr. Ford defined "spot zoning" as "* * * the island of one classification in the sea of another classification."
[2] Comprehensive Zoning Ordinance No. 7530, § V(2) provides:

"All lands within the unincorporated areas of the Parish of Jefferson, which are under water and are not shown as included within any district shall be subject to all the regulations of the district adjacent to the water area. If the water area adjoins two or more districts, the boundaries of each district shall be construed to extend into the water area in a straight line until they intersect."
[3] The ordinance defines "district" as "any section of the Parish of Jefferson in which these zoning regulations are uniform."