357 So.2d 1384 (1978)
WESTSIDE LUMBER AND SUPPLY CO., INC.
v.
PARISH OF JEFFERSON and the Parish Council of Jefferson Parish.
No. 9424.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Rehearing Denied May 10, 1978.
*1385 Lester J. Waldmann, New Orleans, for relator.
Craig J. Cimo, Gretna, for respondent.
Before REDMANN, BEER and BAILES, JJ.
REDMANN, Judge.
We granted certiorari to review, and we now reverse, a ruling that evidence to show arbitrariness of a parish zoning ordinance (and its consequent unenforceability) is inadmissible in a district court proceeding unless the evidence was presented before the parochial legislative authority in an effort to have that authority amend the ordinance to cure the arbitrary provision.
The trial judge reasoned that:
the function of . . . the District Court, in reviewing the decision of the Parish Council . . . and in reviewing the decision of any boardadministrative board or boards of adjustmentis simply to determine whether or not the board acted arbitrarily . . ., and whether or not the decision of the board is supported by substantial and competent evidence adduced in proceedings which are regular and orderly.
That reasoning does not distinguish between legislative and quasi-judicial decisions.[1]
In a different factual context, the question before us has been impliedly decided by Meyers v. City of Baton Rouge, La.App. 1 Cir. 1966, 185 So.2d 278. There opponents of a zoning change enacted by a city council argued that the trial court erred in admitting evidence that supported the change but had not been presented to the council. The argument was that the zoning was arbitrary because evidence before the council was insufficient to support the council's decision to enact the zoning change. Meyers held the evidence properly admitted, reasoning that the question is whether the legislative action is arbitrary, and that accordingly any evidence tending to answer that question is admissible.
Here the offer of evidence is to show arbitrariness, while in Meyers it was to show non-arbitrariness, but the issue is the same in both cases: is the governing authority's legislation arbitrary, and therefore a taking of property without due process of law? Whether a litigant opposes or supports the legislative action, he must in either case be allowed to submit evidence of the correctness of his position. The offered evidence is admissible insofar as relevant.
Reversed.
BEER, Judge, dissenting.
In Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4th Cir. 1977), we discussed the dilemma which confronts a trial court in this kind of case. It must not substitute its judgment for that of the administrative tribunal except upon a showing, affirmatively proven, that the administrative tribunal was arbitrary and capricious and, thus, abused its discretion. With that as its judicial objective, the trial court must carefully chart a course which permits an allegedly aggrieved litigant to have his *1386 day in court on that issue without reopening the entire administrative proceeding. Otherwise, the proceeding before the administrative tribunal serves no useful purpose.
In my view, the aggrieved litigant, who appeals an administrative agency ruling to the district court, has the burden of alleging and standing ready to prove those facts which will support the contention that the administrative agency was arbitrary and capricious.
Specifically, I believe that it is appellant's burden to make clear-cut, categoric, factual allegations, sounding in arbitrariness or capriciousness, such as, for example, factual allegations which directly attack the manner in which the proceeding was held or allegations of due process failures directly relating thereto. If these kinds of specific allegations are made, then the aggrieved litigant seeking to appeal to the district court must have a chance to prove them, but, in my view, they must be particularized and clearly set forth. I do not find, on the showing made, that such is the case here. Accordingly, I respectfully dissent.
NOTES
[1] In any case, when the court does review a Jefferson parish board of adjustment decision, the enabling statute expressly provides for the hearing of additional evidence; La.Acts 1954, No. 537, § 7.