426 So.2d 766 (1983)
Lyle DECUIR, et al., Plaintiffs-Appellants,
v.
TOWN OF MARKSVILLE, Defendant-Appellee.
No. 82-547.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Writ Denied March 25, 1983.
Tucker Melancon, and Rodney Rabalais, Marksville, for plaintiffs-appellants.
Michael Kelly, Marksville, for defendantappellee.
*767 Before DOMENGEAUX, FORET and DOUCET, JJ.
DOUCET, Judge.
This case involves an attempt by plaintiffs to have a zoning ordinance declared invalid on the grounds it effects unlawful spot zoning. Defendant, Town of Marksville, contends the rezoning of "The Tassin Lot" from single family to multi-family classification is justified as alleviating the housing shortage in Marksville. From an adverse judgment in the trial court, plaintiffs appeal.
The sole issue on appeal is whether the rezoning of the Tassin Lot by the Town Council of Marksville constitutes spot rezoning without rational justification.
A comprehensive zoning plan of the Town of Marksville was adopted in 1972 pursuant to LSA-R.S. 33:4721, et seq. for the purpose of promoting health, safety, moral, and general welfare of the community. The plan was designed to "lessen congestion in the streets, to prevent overcrowding of land; to secure safety from fire, panic, and provide adequate light and air; to avoid undue concentration of population... giving resonable (sic) consideration, among other things, to the character of the districts and their peculiar suitability for particular uses, with a view to conserving the value of buildings and encourage the most appropriate use of land throughout the town."
On July 20, 1982, the Marksville Town Council rezoned a town lot owned by Cleo Tassin from Residential A-2 (single family) to Residential A-3 (multi-family). The Mayor and three Councilmen voted for the zoning change; two Councilmen voted against the change.
The Tassin Lot is a small lot lying in the middle of a large area zoned Residential A-2. It has dimensions of approximately 96 feet on the front and is 500 feet deep. It fronts on Main Street, between Action and Decuir Roads.
Petitioners, 32 residents and/or land owners of the Town of Marksville, opposed the rezoning and filed suit requesting that the rezoning action of the Council be abrogated and declared invalid as an illegal "spot zoning" and as an excessive use of police power with no rational or substantial relation to the public health, safety, and general welfare purposes of the comprehensive zoning plan for the Town as a whole.
The Town of Marksville alleged in its answer and at trial that the rezoning fulfills a need for additional housing. The Town of Marksville candidly admits the area rezoned is indeed a spot, nevertheless it is contended that the character of the neighborhood is changed but little, if at all, as it will remain essentially a residential neighborhood. Defendant seeks to justify the change alleging Marksville is facing a housing shortage and development in other areas of Marksville zoned A-3 is impractical.
At trial, plaintiffs adduced testimony that they had acted in reliance upon the previous legislative and judicial zoning decisions affecting the area wherein the Tassin Lot is situated, and that the zoning change affected their vested property interests. Lyle Decuir, plaintiff, whose home is situated next to the Tassin Lot, testified that he purchased his home in reliance on the neighborhood being zoned Residential A-2. Decuir feared increased congestion, and decreased security and privacy. Similarly, Donald Gagnard, plaintiff, testified he put money into his house "in the past few years, mainly after we had gone to Court before; and I felt it was safe to put money into the house."[1]
Donald Gagnard testified he rented the home he now owns for a year before purchasing it, and that the character of the neighborhood, its private and quiet characteristics, were considerations in his decision to purchase his home.
*768 There was also evidence to the effect that the value of neighborhood property, as well as its character, would not be adversely affected by this zoning change. The record reveals that the area in the vicinity of the disputed lot contains a house trailer (A-2 violation); a small lot zoned A-3 for a house trailer, presently vacant; an implement shop; a substantial number of vacant lots; a substantial amount of rental dwellings; a vacant lot formerly serving as a lumber yard; an area zoned A-3 for apartments; an area zoned specifically for a pedicure shop; and in the vicinity, a honey bee plant.
Considerable disagreement existed as to the availability for development of "other" A-3 areas within the town. Plaintiffs introduced testimony and exhibits indicating there are considerable undeveloped areas in the town zoned A-3. Defendant sought to rebut this with testimony of Mr. O.J. Scallan. Mr. Scallon operates an auto dealership and is the largest building contractor and landlord in Marksville with nearly 150 family units, including apartments, controlled by he and his family, all in a town with a population of approximately 5,200 people. Mr. Scallan testified that the land referred to by plaintiff was, in part, a proposed shopping center, unavailable for sale either due to a multitude of heirs or lack of reasonable pricing, lack of sewerage, water, drainage or access. Mr. Scallan testified that he had recently built apartments in Hessmer (4 miles from Marksville) because he couldn't locate these apartments in Marksville in an area designated A-3.
The principles governing zoning regulations were set forth in Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659, 672 (La.1974) as follows:
The authority to enact zoning regulations flows from the police power of the various governmental bodies; zoning is a legislative function. State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440 (1923); State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613 (1921); Meyers v. City of Baton Rouge, 185 So.2d 278 (La.App. 1st Cir.1966); Smith v. City of Baton Rouge, 233 So.2d 569 (La.App. 1st Cir.1970). Courts will not and cannot substitute their wisdom for that of a legislative body or other zoning authority except when there is an abuse of discretion or an excessive use of power. However, the exercise of a police power in zoning cannot be made without substantial relation to the health, safety and general welfare of the public. City of Shreveport v. Conrad, 212 La. 737, 33 So.2d 503 (1947); City of Shreveport v. Bayse, 166 La. 689, 117 So. 775 (1928). All ordinances are presumed valid; whoever attacks the constitutionality of an ordinance bears the burden of proving his allegation. City of New Orleans v. Beck, 139 La. 595, 71 So. 883 (1916); Wald v. Leche, 189 La. 113, 179 So. 52 (1938). However, rezoning on a piecemeal or spot basis is highly suspect. Generally, property owners may rely upon the previous exercise of police power in zoning, expecting that changes in zoning will only be made so as to affect vested property interests when the change is required to assure the public welfare. A city purporting to act under its police powers cannot create in a large area of property zoned in one classification an island of one parcel of land relegated to another zoning classification when no rational reason exists for such a separate classification. 51 A.L.R.2d 311, Reynolds v. Barrett (1938), 12 Cal.2d 244, 83 P.2d 29.
See also: Folsom Road Civic Assoc. v. Parish of St. Tammany, 407 So.2d 1219 (La. 1981); Furr v. Mayor and City Council of Baker, 408 So.2d 248 (La.1981); and Morton v. Jefferson Parish Council, 419 So.2d 431 (La.1982).
From the foregoing, it is apparent that the issue presented is whether a rational reason exists for creating an island, relegated to one zoning classification, in a large area of property zoned otherwise.
"The zoning function is traditionally a governmental task requiring the `balancing (of) numerous competing considerations' and courts should properly `refrain from reviewing the merits of (such) decisions, *769 absent a showing of arbitrariness or irrationality.' Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977)." Larkin v. Grendel's Den, Inc., ___ U.S. ___, 103 S.Ct. 505, 74 L.Ed.2d 297 (1982) decided Dec. 13, 1982. Courts will uphold such ordinances unless it is clearly shown that the action of the governing authority was arbitrary or unreasonable, or that the action taken violated a provision of the constitution or of the enabling statutes. Hernandez v. City of Lafayette, 399 So.2d 1179 (La.App. 3rd Cir.1981); Hardy v. Mayor and Board of Aldermen, City of Eunice, 348 So.2d 143 (La.App. 3rd Cir.1977). Doubtful cases will be resolved in favor of the challenged zoning enactment. Four States Realty Co., Inc. v. City of Baton Rouge, supra; Kirk v. Town of Westlake, 373 So.2d 601 (La.App. 3rd Cir.1979).
We cannot conclude that the zoning ordinance is arbitrary, irrational, or unreasonable. The zoning change was enacted for the welfare of the public inasmuch as it sought to alleviate a housing shortage and the inaccessibility of alternative A-3 areas was a rational reason for separate classification as the area selected was already being used for numerous uses other than those allowed in an A-2 zone and the addition of apartments was likely to improve the neighborhood. Rezoning on a piecemeal basis is highly suspect, nevertheless, we are compelled by the abovementioned jurisprudence to resolve the doubts herein in favor of the validity of the challenged zoning enactment.
Accordingly, the zoning ordinance is declared valid and the judgment appealed is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] This court, in a related proceeding, held that a previous attempt at rezoning the Tassin Lot was invalid for failure to comply with notice provisions of the Marksville Zoning OrdinanceTassin v. City of Marksville, 411 So.2d 1240 (La.App. 3rd Cir.1982).