Dear Mayor Saia:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub which has been assigned to me for review. You raise several questions in your letter, to which we respond in the order presented.
First, the Town of Lockport is a Lawrason Act municipality. The provisions of LSA-R.S. 33:406 address the veto authority of a Lawrason Act mayor and the board of aldermen's authority to override the mayor's veto in the enactment of an ordinance. We have previously concluded that the mayor's veto authority extends only to laws, by-laws and ordinances passed by majority vote of the board of aldermen. See Attorney General Opinion Number 92-163, enclosed. Accordingly, an ordinance involving the annual operating budget is subject to your veto; however, please note the preparation of such budget is a statutorily defined duty of the mayor. LSA-R.S. 33:404(A)(5) provides:
 "A. The mayor shall have the following powers, duties, and responsibilities:
* * *
 (5) To prepare and submit an annual operations budget and a capital improvements budget for the municipality to the board of aldermen in accordance with the provisions of R.S. 39:1301 et. seq. and any other supplementary laws or ordinances."
Second, LSA-R.S. 33:362(A)(1)(3) grants the board of aldermen the power by ordinance to adopt policies and procedures regulating the employment of all municipal employees. We have previously concluded that an ordinance regulating the use of police vehicles is a valid exercise of the legislative power vested in the board of aldermen. See enclosed Attorney General Opinion Number 90-369. Based on this authority, we are of the opinion that the board of aldermen may by ordinance instruct the chief of police to mark all police vehicles with decals. We further note a statutory obligation requiring the chief of police to "perform all other duties required of him by ordinance." LSA-R.S. 33:423.
Third, it is the function of the board of aldermen as the legislative branch of government to enact ordinances in the exercise of general police powers regarding public health, safety, or general welfare. City of Shreveport v. Conrad,33 So.2d 503 (La. 1947). The board of aldermen must provide within the ordinance for penalties associated with violation of the law. Enforcement authority is vested within the chief of police as he is "charged with the enforcement of all ordinances within the municipality and all applicable state laws . . .". LSA-R.S.33:423.
Fourth and finally, the chief of police is required to follow municipal regulations for the use of purchase orders. All monies belonging to the municipality are subject to the control of the mayor and board of aldermen. LSA-R.S. 33:425
states:
 "The treasurer shall receive, safely keep, and pay out according to law, all monies belonging to the municipality. He shall keep accurate accounts of all receipts and disbursements, and shall make report, in writing to the mayor and board of aldermen, at each regular meeting, of the finances of the municipality; shall perform all other duties that may be prescribed by ordinance; and shall pay out money only on the warrant issued by the order of the mayor and board of aldermen." See also enclosed Attorney General Opinion Number 87-540.
We hope the foregoing is helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0237E