Dear Mr. Lewis:
You have submitted an opinion request to this office in which you raise the following issue for our resolution:
 May the mayor of a Lawrason Act municipality cast the deciding vote where there is a tie vote concerning the passage of an ordinance?
We respond in the negative. First, in a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321, et seq., it is the function of the board of aldermen as the legislative branch of government to enact ordinances in the exercise of general police powers regarding public health, safety, or general welfare. City of Shreveport v. Conrad,33 So.2d 503 (La. 1947). The mayor is not entitled to cast a vote as an alderman concerning the passage of an ordinance.
Second, LSA-R.S. 33:406, prescribing the rules for enactment of an ordinance, states "no ordinance shall be adopted except by the affirmative vote of a majority of the members of the board." The plain wording of the statute permits the enactment of an ordinance only with the affirmative vote of a majority of the board of alderman. No ordinance can therefore be legally enacted with less than a majority of board members. The mayor's vote cast in the event of a tie would necessarily mean that less than a majority of board members approved the ordinance. An ordinance enacted in contravention to the voting formalities required by LSA-R.S. 33:406(A)(1) would be invalid and unenforceable.
Finally, we adhere to this conclusion despite the language of LSA-R.S. 33:405(A)(1), which allows the mayor to "give the deciding vote" in the case where there is "an equal division." We are of the opinion that this provision does not contemplate the passage of ordinances, but rather those measures adopted by the board of alderman by simple motion.
We trust the opinion will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0274E