FOURNET, Chief Justice.
 

 The defendants in the above numbered and entitled cases, Joe Rebowe and Frank Messina, owners and operators of, respectively, the Harlem Bar and the McKinley Bar in the City of Baton Rouge, having been separately charged in the City Court of Baton Rouge with violating the provi
 
 *189
 
 sions of a City Ordinance in that he “did keep open for business or otherwise” until 1:20 a. m. (in the case of Rebowe) and 1:22 a. m. (in the case of Messina) on March 21, 1954, a Sunday, prosecute these appeals from their conviction and sentence, each having reserved a bill of exception to the overruling.by the trial judge of his motion in arrest of judgment. The cases were consolidated for the purpose of brief,,and argument in this Court.
 

 Under the provisions of Ordinance 300, Sec. 9:3 of the City of Baton Rouge, the sale of certain described alcoholic beverages is prohibited between the hours of 1 :- 00 a. m. and 6:00 a. m. weekdays, and between midnight Saturdays and 6:00 a. m. Mondays following. Establishments licensed thereunder “shall be closed * * * and remain closed continuously” between 2:00 a. m. and 6:00 a. m. on weekdays, and between 12 midnight Saturdays and 6:00 a. m. Mondays following, but the permit holder and his bona fide employees may remain within the licensed premises for one hour after midnight Saturday only for the purpose of cleaning the premises. The Ordinance further provides: “The term ‘closed’ as used in this section or elsewhere in this ordinance shall mean that ‘the entire licensed building shall be locked, that all lights shall be out and that no one shall be inside of said premises.’ ”
 

 The motions in arrest of judgment were founded on the contentions that the provision quoted above (1) is unconstitutional under the due process clause of the 14th Amendment, U. S. Constitution, and Article 1, Section 2 of the Constitution of Louisiana; (2) is ultra vires, because in apparent conflict with the term “closed” as used in the State Sunday closing law, LSA-R.S. 51:191; and (3) is illegal because it is an arbitrary and capricious definition. In support of these propositions counsel argues that an ordinance which attempts to prohibit the use of one’s property or so restricts the use thereof as to deprive the owner of his private rights is inherently unconstitutional; moreover, that the accused is deprived of his constitutional guarantees in that the presumption of innocence is anulled, and the mere fact of his presence in the establishment, with the lights burning, is a conclusive presumption of guilt; and, the municipality being without legislative authority to define the word “closed,” it could not, by giving to the word the definition attempted, enlarge the State statute on the subject, LSA-R.S. 51:191, which provides that “All stores, shops, saloons, and all places of public business, licensed under the law of Louisiana or under any parochial or municipal law * * * shall be closed at twelve o’clock on Saturday nights, and remain closed continuously for twenty-four hours * *
 

 The proposition is generally accepted that there is no inherent right in a citizen to sell intoxicating liquor, and the business may be permitted under conditions such as will limit to the utmost the evils as
 
 *191
 
 sociated therewith. It is recognized that municipalities have authority, under the police power generally delegated to them by the Legislature, to enact ordinances for the regulation of the retail liquor business to the extent necessary for the protection of the public health, morals, safety and peace. State v. Gardner, 198 La. 861, 5 So.2d 132; City of De Ridder v. Mangano, 186 La. 129, 171 So. 826; Section 24 of Act 15 of 1934, as embodied in LSA-R.S. 26:494, and such authority is specifically delegated to the municipality of Baton Rouge by the terms of its charter, which provides that the City Council shall have the power “ * * * to close * * * places for the sale of intoxcating liquors when the public safety may require it”. Act 169 of 1898, p. 335, § 20, as amended; Dart’s La.Gen.Stats. Sec. 6044; City of Baton Rouge v. Butler, 118 La. 73, 42 So. 650. Due to the nature of the business, the governing authorities may impose regulations on it more stringent than on other businesses, State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 67 L.R.A. 70, 2 Ann.Cas. 92, and while constitutional guarantees cannot be transgressed, it is settled that the enjoyment of all rights is subject to the police power and reasonable regulations •enacted pursuant thereto. 11 Am.Juris., verbo Constitutional Law, Section 267, p. 1006.
 

 The test to be applied in determining whether there has been a valid exercise of the police power in the constitutional sense is “to inquire whether the restrictions it imposes on rights secured to individuals by the Bill of Rights are unreasonable, and not whether it imposes any restrictions on such rights. * * * The validity of a police regulation therefore primarily depends on whether under all the existing circumstances the regulation is reasonable or arbitrary and whether it is really designed to accomplish a purpose properly falling within the scope of the police power.” 11 Am. Juris, verbo Constitutional Law, Sec. 302, pp. 1074, 1075; see, also, Schwegmann Bros. v. Louisiana Board of A. B. C., 216 La. 148, at page 170, 43 So.2d 248., 14 A.L.R.2d 680; City of DeRidder v. Mangano, 186 La. 129, 171 So. 826.
 

 The Ordinance in question, before its amendment (in January, 1954) by inclusion of the paragraph defining the term “closed,” provided simply that all shops, stores, etc., licensed under its provisions should be closed and remain closed continuously during the specified hours; the obvious purpose of the amendment was to facilitate law enforcement by defining what constitutes the condition of being closed, and in this way circumvent any possibility of claiming law observance while actually flouting its provisions. On this subject the Supreme Court of Michigan, in the early case of People v. Beller, 73 Mich. 640, 41 N.W. 827, very aptly remarked: “The object of the Sunday clause in the law is not merely to punish the sale of in
 
 *193
 
 toxicating liquor from the bar, hut to remove the danger that advantage might be taken of its being open to sell clandestinely what in other days is sold openly. Access to the bar might easily be access to what is usually sold there * * 41 N.W. at page 828. There is clearly nothing arbitrary or unreasonable in the requirement that the building be actually locked, unlighted and unoccupied; it is merely a method of rendering effective the closing hour provisions, of ensuring that the law is observed and its object not defeated.
 

 Nor is there merit in the contention that the municipality is without authority to enlarge the state statute, LSA-R.S. 51:191, by defining the word “closed.” Power was specifically delegated by the Legislature to the City Council, under the provisions of the City Charter, to pass ordinances on all subject matters in connection with the exercise of general police powers subject only to the limitation that the provisions of said ordinances shall not directly conflict with the provisions of any State law upon the same subject matter; see the case, of State ex rel. Sutton v. Caldwell, Mayor, 195 La. 507, 197 So. 214, wherein this Court observed: “A municipality * * * may supplement a statute or cover any part of an authorized field of local legislation that is not covered by state legislation. * * * a muncipality with subordinate authority to legislate on the subject may make such new and additional regulations in furtherance of the purpose of the state law as may seem fit and appropriate to the necessities of the locality and be not in themselves unreasonable.” 195 La. at pages 518, 519, 197 So. at page 217.
 

 For the reasons assigned, the conviction and sentence in each case are affirmed.