WILLIAMS, Judge.
This appeal by Joe Asbell as plaintiff is from a judgment of the trial court finding Caddo Parish Police Jury Ordinance 1357 of 1972 valid and constititional. Ordinance 1367 of 1972 provides alcoholic beverages, including beer, can not be sold in Caddo Parish outside of legally incorporated cities, towns and villages between the hours of 2:00 A.M. on Sundays and 7:00 A.M. on Mondays or between the hours of 2:00 A.M. and 7:00 A.M. on any other day of the week.
Asbell maintains a business inside Caddo Parish, but outside of any city or town limits, and holds parish and state retail beer permits. He contends his business is substantially affected by the above ordinance, and thus brought this action against the Caddo Parish Police Jury and James M. Goslin, Sheriff.
Upon an adverse ruling by the trial court Asbell perfected this appeal.
Three issues must be determined for resolution: (1) does the ordinance violate LSA-R.S. 26:494 by prohibiting rather than regulating the business of wholesaling, retailing and dealing in alcoholic beverages and does so without any valid legislative relationship to the health, morals, safety and peace of the community; (2) is the ordinance in conflict with LSA-R.S. 51:191; and (3) was the ordinance enacted *850 in violation of the procedural rules of the Caddo Parish Police Jury ?
This court approves and adopts the lower court’s analysis of law and fact because it is complete and well-supported by the record. Several paragraphs have been excerpted and adopted as the findings of this court:
“It is basic in a case of this type and under these allegations that plaintiff bears the burden of proving by a preponderance of the evidence that the ordinance is invalid, which is simply another way of saying that under the law of Louisiana there is a presumption that ordinances such as the one in question are presumed to be valid and constitutional.
“The first contention by plaintiff is that the ordinance is in reality a prohibition grounded on religion and as such is in violation of the First Amendment to the Constitution of the United States. We find no support in the record of this contention by plaintiff.
“Next, plaintiff contends that the ordinance is invalid because it is in conflict with R.S. 51:191. The source of that statute was Act No. 18 of 1886 and is sometimes referred to as the ‘Sunday Law’. For reasons which will be set forth more fully below, we reject this contention by plaintiff.
“Next, plaintiff contends that the ordinance is in violation of R.S. 26:494 et seq, in that it prohibits rather than regulates and does so without any valid legislative relationship to the health, morals, safety and peace of the community. We believe that this particular contention w,as resolved by the Louisiana Supreme Court in the case of City of Shreveport vs Belk, 260 La. 1041, 258 So.2d 79 (1972). In that case the Supreme Court upheld the validity of the Shreveport City Ordinance which prohibited the sale of beer on Sunday. The Supreme Court acknowledged that the line between prohibition and regulation is sometimes a fine one and that most regulation of activity involves a prohibition of certain types of activity. The Court then referred to its earlier decision in City of Lafayette vs. Elias, 232 La. 700, 95 So.2d 281 (1957), wherein it held that a municipal ordinance which prohibited the sale of beer to persons under the age of 21 was a reasonable regulation of the sale of alcoholic beverages within the authority granted to municipalities under R.S. 26:494.
“Essentially the same contention made by plaintiff in this case, that the ordinance is in conflict with R.S. 51:191, was considered by the Supreme Court in the Belk case, which decision is contrary to the position of plaintiff and which decision is binding on this Court.
“Finally, plaintiff alleged that the ordinance is invalid because it was adopted in violation of the procedural rules of the Caddo Parish Police Jury. We do not agree with plaintiff and hold that the adoption of the ordinance was proper insofar as the procedural aspects of its adoption are concerned.
“It is to be noted that at open meetings of the Police Jury which followed two committee meetings held on August 16, 1972, and August 22, 1972, various citizens were present and expressed their views, either personally or through counsel. This includes plaintiff, who spoke in opposition to the proposed ordinance at the meeting of the Policy Jury on August 23, 1972. * * * Sheriff Goslin was present at the two committee meetings and was accompanied to one of the meetings by Deputy Billy Ray Flowers, who is in charge of the Patrol Division of the Sheriff’s Department. Each of the latter gentlemen testified in the Cox case heard and decided by Judge Alexander. In summary, their testimony, which they stated was essentially in accord with the statements made to the Police Jury committee, was that the ordinance was needed from the standpoint of safety, with particular emphasis on traffic safety.
“Plaintiff and others who testified in the Cox case stated that the ordinance would *851 have an adverse economic effect on those who heretofore had been selling beer on Sunday in Caddo Parish outside of incorporated cities, towns and villages. As stated by Judge Alexander in the Cox case, this may well occur and he sympathized with them, but ‘just because they will suffer harm does not prevent the Police Jury from enacting ordinances which may affect their businesses.’
“We reject the contentions of plaintiff and hold that Ordinance 1367 of 1972 is valid and constitutional.”
The judgment of the trial court is therefore affirmed.
All costs are cast on appellant.