FORET, Judge.
This is a suit for a mandatory injunction filed by the City of Lafayette against the defendant, Butcher Air Conditioning Company, Inc. to enforce compliance with an ordinance requiring air conditioning and electrical contractors to provide ladders for city inspectors. From a judgment in favor of the plaintiff ordering the defendant to comply with the ordinance, the defendant has appealed to this Court.
The sole issue is the constitutionality of the City of Lafayette Ordinance Number 0-1648 which adopts the Standard Mechanical Code of the Southern Building Code Congress International, Inc. The provision of the building code in question is Section 107-3 which reads:
“107.3 — Material and labor inspections
The equipment, material, power, and labor necessary for the inspection and test shall be furnished by the installer.”
It is a well settled rule of law that a city ordinance, like an act of the legislature, is presumed to be constitutional, and that the party who attacks it has a burden of establishing, by clear and convincing evidence, that the ordinance is unconstitutional. This rule is strictly adhered to in cases involving ordinances enacted in the exercise of the city’s police power. Hi-Lo Oil Company v. City of Crowley, 274 So.2d 757 (La.App. 3 Cir. 1973), writ refused 277 So.2d 673 (La.1973); Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1968); Hunter v. City of Shreveport, 216 So.2d 140 (La.App. 2 Cir. 1968), writ refused, 253 La. 323, 217 So.2d 414 (1969).
The jurisprudence concerning the validity of a city’s exercise of the police power was summarized by this Court in City of Lake Charles v. Southern Pacific Transp. Co., 310 So.2d 116 (La.App. 3 Cir. 1975), writ refused, 313 So.2d 600 (La.1975), quoting Hi-Lo Oil Company v. City of Crowley, supra:
“The ordinance should be upheld if any set of facts can be conceived from which it could be concluded that there is a reasonable relationship between its provisions and the public health, safety, morals or general welfare. Everhardt v. City of New Orleans, supra. In order to justify a holding that the legislative action is arbitrary, unreasonable or unnecessary, it must be shown that there was no room for a reasonable difference of opinion, and that there was no substantial evidence upon which the legislative action could have been justified. Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La.App. 2 Cir. 1960); Archer v. City of Shreveport, 85 So.2d 337 (La.App. 2 Cir. 1956).
“The court should not set up its judgment against that of the city authorities as to the wisdom of the method adopted to accomplish a legitimate object, unless the method employed by the city is clearly unreasonable. The method provided in the ordinance need not necessarily be the best. The courts thus will not invalidate an ordinance, which has been duly enact *759 ed and is within the municipal competency, unless its invalidity appears on its face or is established by admissible extrinsic evidence. Gibson v. City of Baton Rouge, 161 La. 687, 109 So. 339 (1926); Hunter v. City of Shreveport, supra; City of Shreveport v. Conrad, 212 La. 737, 33 So.2d 503 (1947).
“In order that a city ordinance may be sustained as the legitimate exercise of the city’s police power, however, the legislation must have for its object the prevention of some offense or manifest evil, or the preservation of the public health, safety, morals or general welfare. The exercise by the city of its police power must have a substantial basis if it is to be upheld. The purported exercise of that power cannot be made a mere pretext for legislation that does not fall within it. There must be some substantial connection between the purpose of the regulation and the provisions of it, and the provisions must in some appropriate manner be designed for and tend toward the accomplishment of the legitimate objects for which the power is exercised. City of New Orleans, v. Southern Auto Wreckers, 193 La. 895, 192 So. 523 (1939); Schwegmann Bros. v. Louisiana Board, Etc., 216 La. 148, 43 So.2d 248 (1949); City of Lake Charles v. Hasha, 238 La. 636, 116 So.2d 277 (1959); Arkansas Louisiana Gas Company v. Louisiana Department of Highways, 104 So.2d 204 (La.App. 2 Cir. 1958).
“The test of whether the ordinance is a valid exercise of the police power of the city in the constitutional sense depends on whether, under all of the existing circumstances, the regulation is reasonable, and whether it is designed to accomplish a purpose properly falling within the scope of the city’s police power. Reynolds v. Louisiana Board of Alcoholic Beverage Control, 249 La. 127, 185 So.2d 794 (1965); State v. Birdsell, 235 La. 396, 104 So.2d 148 (1958); City of Baton Rouge v. Rebowe, 226 La. 186, 75 So.2d 239 (1954).”
The purpose of the ordinance in question is to provide a system of controlling the installation, repair, maintenance, alteration and use of air conditioning, heating, mechanical refrigeration and ventilating systems within the city. Because of the potential hazards to the safety and health of the community posed by improper installation and maintenance of such systems, it is a valid exercise of the police power to regulate them.
The defendant contends that the provisions of the ordinance are vague, over-broad, and unreasonable. This contention is without merit. The evidence shows that over one hundred electrical and air conditioning contractors are covered by the ordinance and that the ordinance is uniformly applied. The evidence further shows that the defendant is the only contractor to refuse to comply with the ordinance. We cannot say that the regulations imposed by this ordinance are unreasonable, vague, or overly broad.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to the defendant-appellant.

AFFIRMED.