CARTER, Judge:
This is an appeal from a decision of the Twenty-Second Judicial District Court where judgment was rendered ordering a notice of lis pendens, filed by appellant, cancelled and erased from the mortgage and conveyance records of St. Tammany *946 Parish and dismisses appellants’ petition and intervention with prejudice.
This matter was previously before this court in proceeding No. 10,601, being L.E.C., Inc. v. Collins, 332 So.2d 565 (La. App. 1st Cir. 1976) and although the present appeal is on different legal issues, the facts as set forth in the above opinion remain the same. We have carefully examined the entire record and conclude that the trial judge correctly decided the case both factually and legally. His reasons for judgment, which we adopt as our own, are attached hereto as an “Appendix”.
For those reasons, the judgment appealed from is affirmed at appellants’ costs.
AFFIRMED.

REASONS FOR JUDGMENT
J. Charles Collins, Jr. filed suit against Louis E. Chenel, F. Pierre Livaudais, Denise C. Vallon and L.E.C., Inc., seeking to obtain a mandatory injunction against the named defendants to have the Court declare the roadways and streets within Merrywood Estates Subdivision public and the ownership thereof vested in the public and to force the defendants to reopen the entranceway which had been relocated since the original plat was filed with the Clerk of Court. An amended petition was filed by the plaintiff alleging that the defendants had violated the restrictive covenants of the subdivision by resubdividing certain lots and constructing houses thereon. The claims enumerated in the amended and supplemental petition were apparently abandoned as no evidence was presented by the plaintiff in support of these contentions at the trial. The Court therefore considers them abandoned.
A petition for intervention was filed by Robert A. Pittman and Benedict X. Viola, residents of Merrywood Estates Subdivision, seeking not only the same relief as Mr. Collins but also to have an ordinance enacted by the St. Tammany Parish Police Jury November 18, 1971, declared null and void by reason of an alleged fraud perpetrated by L.E.C., Inc. The plaintiff intervenors have essentially argued that the ordinance was unconstitutional for failure to provide notice of hearing to them, as resident of the subdivision, prior to the holding of a public hearing. Neither Mr. Pittman nor Mr. Viola appeared and testified at the trial. Mr. Collins’ chief complaint was simply that he was not afforded personal notice of any scheduled deliberation by the St. Tammany Parish Planning Commission or the St. Tammany Parish Police Jury when any matters were taken up by either of those bodies concerning Merrywood Estates Subdivision. At the time of the hearings, Mr. Collins was a resident-domiciliary of the City of New Orleans, living at 942 Harding Drive and maintained no residence in the Parish of St. Tammany.
The only testimony adduced on behalf of the plaintiff and intervenors was by Mr. Collins. He had purchased his property under a bond for deed contract June 23, 1966. *947 He subsequently began to build a house on this property in February of 1972. The ordinance that he is protesting was enacted by the St. Tammany Parish Police Jury on November 16, 1971, which in essence gave final approval of Merrywood Estates Subdivision, Additions 2,3 and 4. It was noted in the minutes of the Planning Commission meeting that Addition No. 1 had previously been approved by the Parish. Mr. Collins’ lot is located in Addition No. 1. He apparently adopted the allegations of the interve-nors in claiming that the ordinance approving Additions Nos. 2, 3 and 4 was unconstitutional because he did not receive actual personal notice from the Police Jury or the Parish that the matter would be considered at the regularly scheduled meeting.
There are no allegations nor proof that the agenda for the Police Jury was not duly posted and published or that newspaper advertisements were not published in accordance with the then prevailing requirements. An ordinance enacted by the St. Tammany Parish Police Jury is presumed, as a matter of law, to be valid and constitutional unless competent evidence is adduced which demonstrates that the ordinance is so clearly arbitrary and capricious as to be unreasonable and oppressive. See Manuel v. Evangeline Parish Police Jury, (La.App. 3rd Cir. 1974) 295 So.2d 600, and Landry v. Parish of East Baton Rouge, (Sup.Ct.1977), 352 So.2d 656. It is unreasonable to expect that every municipality or political subdivision within this State has the duty to personally serve each resident or citizen of any area which could be affected by a particular piece of legislation with actual notice of the scheduling of public hearings to deliberate a proposed ordinance or resolution. The notice requirements of the Constitution of the United States of America and of the State of Louisiana do not place such an onerous burden on local government. Thus, the Court is of the opinion that the ordinance approving Merrywood Estates Subdivision, Additions Nos. 2, 3 and 4 was validly enacted.
The St. Tammany Parish Police Jury, by Ordinance No. 1058, has accepted into the Police Jury Maintenance System, by formal dedication, all of the streets and roadways of Merrywood Estates Subdivision, Additions 1, 2, 3 and 4. Thus, that ordinance enacted in regular session in 1979, clearly and unequivocally vested title to the streets and roadways within the subdivision in the Parish of St. Tammany. Those allegations seeking a mandatory injunction against the named defendants are therefore moot. Furthermore, there was no proof presented to the Court which demonstrated that the named defendants have acted to assert ownership, dominion or control over the streets in the subdivision.
Mr. Collins has also petitioned the Court to have the entranceway relocated from where it is presently situated and as shown on the Fitzmorris survey, back to where it was originally constructed and as shown on the Berlin survey. The defendants have affirmatively pleaded that any claim or right which the plaintiff may have or had to force them to perform this work has prescribed under Article 781 of the Revised Civil Code of 1870.
That article provides:
“No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a noticeable violation. After the lapse of this period, the immovable on which the violation occurred is freed of the restriction that has been violated.”
It is well known that subdivision plans within the parish have been changed either by order of the Police Jury or upon application of the subdivider to the appropriate agency to meet current requirements. The subdivision entranceway was relocated pri- or to filing of the Fitzmorris map in 1971. Suit was not instituted by Mr. Collins until June of 1974. The ordinance approving the Additions Nos. 2, 3 and 4 of the subdivision was enacted and spread for record in November of 1971. The new plat and en-tranceway was shown on the Fitzmorris plat and was apparently approved by the Policy Jury at that time. However, if the map approved by the St. Tammany Parish *948 Police Jury did not meet constitutional requirements of notice when it was enacted on November 15, 1971, any claims respecting the present location of the entranceway of the subdivision has long since prescribed under Article 781 of the Revised Civil Code by the time Mr. Collins instituted the original suit. Mr. Collins had actual notice of the location of the new entranceway for more than two years prior to the institution of these proceedings. The Court is therefore of the opinion that any claim with respect to the relocation of the entranceway has prescribed. The Court further finds that neither Mr. Collins nor the intervenors were in any way harmed, or their property rights or values affected, by the relocation of the entranceway. In fact, the entrance-way was increased in size, from two lanes to four lanes, with a neutral ground and a more orderly flow of traffic seems to have resulted from its relocation.
The Court further finds that the St. Tammany Parish Police Jury, in accepting all of the streets and roadways into the road maintenance system and thereby acquiring title to the subsurface thereof, has rendered moot any issue with respect to the exercise of ownership of the substrata by any of the defendants.
It is therefore the Court’s opinion that the plaintiff and intervenors’ suit should be dismissed with prejudice and that the notice of lis pendens ordered cancelled. A judgment consistent with these reasons will be signed upon presentation to the Court.
Covington, Louisiana, July 14, 1981.
(s) Thomas W. Tanner JUDGE