Dear Mr. Reynolds:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
In your correspondence, you ask us to review the validity of certain provisions contained in your alcoholic beverage ordinances. We requote the questioned portions as follows:
 (1) "Section 10. No holder of a retail dealer's license and permit issued hereunder, and no servant, agent, or employee of such licensee and permittee, shall:
 3. Sell or permit the sale of any of the liquors described in Section 1 hereof, or have his place of business open for business from midnight Saturday until 5:00 a.m. Monday morning during weekend, and from 10:00 p.m. until 5:00 a.m. Monday through Thursday and midnight Friday until 5:00 a.m. Saturday or any day declared by the Village of Norwood."
 (2) "All bearers of liquor license will be closed on Sundays, Christmas, Easter and any other holidays the Village warrants closure. All bearers of liquor license will comply with all applicable state statutes and local ordinances."
 (3) "Any merchant holding a beer permit shall be allowed to be open on Sunday, provided beer is not main source of income (i.e. grocery stores). Selling of beer on Sunday is prohibited."
It is our opinion that those provisions referenced as (1), (2), and (3) quoted above are valid in light of existing statutory law. LSA-R.S. 26:493 provides:
 "Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits." (Emphasis added).
As quoted herein, LSA-R.S. 26:493 allows local political subdivisions to regulate but not prohibit the sale of alcoholic beverages. An ordinance establishing closing times for the sale of intoxicating liquors has been interpreted as a valid regulation rather than a prohibition within the meaning of the statute. See Manuel v. Evangeline Parish Police Jury, 295 So.2d 600
(La.App. 3rd Cir. App. 1974); writ den., 299 So.2d 790 (La. 1974); Asbell vs. Caddo Parish Police Jury, 292 So.2d 848
(La.App. 2nd Cir. 1974); writ den., 294 So.2d 840 (La. 1974). Further, it has been judicially determined that an ordinance prohibiting the sale of all alcoholic beverages on Sunday is a reasonable regulation rather than a prohibition. City of Shreveport v. Belk, 258 So.2d 79 (La. 1972).
Based on the authority cited, we are of the opinion that those provisions of the Norwood ordinance establishing closing times for the sale of alcoholic beverages and prohibiting such sales on Sunday and certain holidays is a valid exercise of the local police power. Such an ordinance may be enacted pursuant to legislative grant of authority contained in LSA-R.S. 26:493, quoted above.
There is, however, a distinction between the regulation of Sunday sales of alcohol and the Sunday Closing Laws. LSA-R.S.51:191 provides:
 "Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950."
It is our opinion that a local political subdivision may adopt an ordinance regulating or prohibiting the opening of certain businesses on Sunday if previously approved by the voters at an election. For example, a Village of Norwood convenience store owner issued a liquor license should be allowed to open on Sunday for the sale of merchandise other than alcoholic beverages. Pursuant to LSA-R.S. 51:191, such sales may not be prohibited on Sunday without an approval of the voters at a duly called election.
Finally, we are aware the Village of Norwood requested an opinion on these issues from the Louisiana Municipal Association. We have been provided a copy of that opinion, and note that our opinion is in agreement with the legal conclusions of that author concerning your questions.
Should you have further inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK 0182E