Dear Representative Holden:
You have submitted a formal opinion request to Attorney General Richard P. Ieyoub, which has been assigned to me for resolution. The following issue is raised within your request:
 "May a local government, in an area where beverage alcohol can be sold legally, prohibit the sale of that product on statewide or local election days? What specific holidays can be legally included in such a prohibition?"
Your attention is directed to the provisions of LSA-R.S.26:493, which state:
 "Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits." (Emphasis added).
As quoted herein, LSA-R.S. 26:493 allows local political subdivisions to regulate but not prohibit the sale of alcoholic beverages. An ordinance establishing closing times for the sale of intoxicating liquors has been interpreted as a valid regulation rather than a prohibition within the meaning of the statute. See Manuel v. Evangeline Parish Police Jury, 295 So.2d 600
(La.App. 3rd Cir. App. 1974); writ den., 299 So.2d 790 (La. 1974); Asbell vs. Caddo Parish Police Jury, 292 So.2d 848
(La.App. 2nd Cir. 1974); writ den., 294 So.2d 840 (La. 1974). Further, it has been judicially determined that an ordinance prohibiting the sale of all alcoholic beverages on Sunday is a reasonable regulation rather than a prohibition. City of Shreveport v. Belk, 258 So.2d 79 (La. 1972).
We are unaware of any specific statute which allows a local governing authority to close all establishments where "liquor" is kept on either local or state election days or holidays. Rather, the law allows a local governing authority to regulate the sale of alcoholic beverages pursuant to LSA-R.S. 26:493, cited above. Whether an ordinance prohibiting the sale of alcoholic beverages on a particular election day or holiday is a "reasonable regulation" by the local governing authority must be determined on a case-by-case basis, in light of existing statutory requirements under LSA-R.S. 26:493.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0215E