JAMES F. MCKAY III, CHIEF JUDGE
The Plaquemines Parish Department of Civil Service, the Plaquemines Parish Civil Service Commission[1] and Director *1042 Ellen Barrios ("Appellants"), appeal the trial court's January 9, 2017 judgment denying their petition for injunctive relief and finding that the Plaquemines Parish Council Ordinance 15-107, adopted in accordance with the Charter for Local Self-Government for Plaquemines Parish ("Charter") § 5.03, did not impair the Civil Service's Department's effective and efficient operation in violation of Louisiana Constitution, Art. X § 13 (B) and was constitutionally valid. Finding no error in the trial court's judgment, we affirm.
On September 9, 2015, the Plaquemines Parish Civil Service Commission ("the Commission") and its director, Ellen Barrios, brought a verified petition for a temporary restraining order and application for preliminary injunction. In that petition, they prayed for the trial court to issue the temporary restraining order enjoining the Plaquemines Parish Government from closing the Commission's office located at 333 F. Edward Herbert Boulevard, Building 600, in Belle Chasse, to be followed by a preliminary injunction ordering same. On September 10, 2015, the court denied the temporary restraining order prayed for by the Appellants on grounds that they had failed to sufficiently show irreparable injury, loss, or damages. The Plaquemine Parish Council (Council") subsequently intervened as a defendant in this matter becoming defendant-in-intervention. On September 14, 2015, the appellants filed an amended petition alleging that the Council had unconstitutionally overreached its authority under § 5.03 of the Charter by adopting Ordinance 15-107 which ordered the appellants to relocate its offices to 8028 Highway 23, Port Sulphur, Louisiana.
On February 18, 2016, the trial court denied a Dilatory Exception of Lack of Procedural Capacity brought by the Commission and its director against the Council. In that same Judgment, the trial court also denied a Dilatory Exception of Lack of Procedural Capacity and/or Peremptory Exception of No Right of Action brought by the Council, against the appellants. After being apprised of the pending proceedings, on September 27, 2016, the Louisiana Attorney General's Office waived its presence at trial by a Waiver of Service, pursuant to La. C.C.P. art. 1880.
On October 27 and 28, 2016, a trial on the merits was held concerning the appellants' verified petition for temporary restraining order, and the application for preliminary injunction. The Civil Service Department, by seeking injunctive relief vis-a-vis the temporary restraining order, was seeking to prohibit the enforcement of Ordinance 15-107, which essentially closed the Civil Service Department's Belle Chasse office. At the conclusion of the trial, the trial court ordered the parties to file post-trial memoranda by November 7, 2016. The trial court took the matter under advisement and rendered a judgment on January 9, 2017. The judgment reads as follows:
IT IS ORDERED, ADJUDGED, AND DECREED BY THE COURT that for the reasons attached hereto, plaintiffs have failed to
prove their claim that the Plaquemine Parish's relocation of the Department of Civil Service from Belle Chasse to Port Sulphur pursuant to Section 5.03 of the Charter for Local Self-Government for Plaquemines Parish, Louisiana is an unlawful infringement by the legislative branch into the constitutionally protected operations of an executive agency, in violation of the Louisiana Constitution Article VI, Section 6, and therefore that claim is DISMISSED .
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT that for the reasons attached hereto, plaintiffs have failed to prove *1043 their claim that Paragraph 5.03 of the Charter for Local Self-Government for Plaquemines Parish, Louisiana, as applied to the proposed relocation of the Department of Civil Service, is unconstitutional in that it impairs the Civil Service Department's ability to perform in an effective and efficient manner as required by Article X, Section 13(B) of the Louisiana Constitution, and therefore, that claim is DISMISSED .
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT that, for the reasons attached hereto, all allegations against defendants Plaquemines Parish Government and Plaquemines Parish Council contained in plaintiff's Verified Petition for Temporary Restraining Order, and the Application for Preliminary Injunction and plaintiff's Amended Petition are hereby DISMISSED.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT that for the reasons attached hereto, the Application for Preliminary Injunction brought by plaintiffs Plaquemines Parish Civil Service Commission and Civil Service Director Ellen Barrois is hereby DISMISSED .
It is from this judgment that the Civil Service Department now appeals.
STANDARD OF REVIEW
Louisiana appellate courts review both law and facts. La. Const. art. 5, § 10 (B). The applicable standard of review for a factual finding is the manifestly erroneous or clearly wrong standard. To reverse a factfinder's determination under this standard of review, an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong. Stobart v. State, Dep't of Transp. and Development , 617 So.2d 880, 882 (La. 1993). Ultimately, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Id. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. at 882-883. Accordingly, where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. Id. at 883.
ASSIGNMENTS OF ERROR
The Appellants argue that the trial court erred in finding Council Ordinance 15-107 did not impair the Department of Civil Service's effective and efficient operation in violation of Louisiana Constitution Art. X, § 13 (B), and in finding the Council's relocation of the Department of Civil Service pursuant to the Parish Charter, § 5.03, was not an unlawful infringement by the legislative branch into the constitutionally protected operations of an executive agency, in violation of the Louisiana Constitution Art. VI, § 6. The Appellants further assert that the trial court erred in denying injunctive relief by failing to rule whether the Plaquemines Parish Council and Government violated an earlier judicial mandate in Plaquemines Parish Council, et al. v. Luke A. Petrovich , 662 So.2d 542 (La. App. 4 Cir. 10/18/95), writ granted, judgment vacated 663 So. 2d 703 (La. 11/3/95).[2]
*1044 By way of background, Plaquemines Parish is governed by a Home Rule Charter/"Charter for Self-government for Plaquemines Parish[3] ," enacted under the authority of Article VI, § 5 of the Louisiana Constitution. The Charter became effective January 1, 1991. In October of 1994, the Civil Service Commission was approved by Plaquemines Parish voters.
Article II, § 2 of the Louisiana Constitution offers guidance. "Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise powers belonging to the other." § 4.01(A) of the Charter bestows all legislative powers of Plaquemines Parish Government on the Council. That section further gives a non-exclusive list of the Council's specific powers, including the power to:
A(1) Represent, as governing authority, the Parish of Plaquemine's and all political subdivisions and districts therein, in any and all matters and actions, all rights, of action and warranties, and all rights, title, and interest in and to all lands and property owned by them, and to all resources and revenues derived therefrom.
A strict reading of § 4.01A(1) of the Charter indicates that the Council is the authorized representative of the parish in the legal matters at issue here. It is undisputed that all of the Commission's funding comes from appropriations approved by the Council and that the Council designates office space to be used by the Commission as well as other parish departments and agencies pursuant to § 5.03 of the Charter.
In the Appellants' first assignment of error they assert that the trial court erred in finding Council Ordinance 15-107 did not impair the Department of Civil Service's effective and efficient operation in violation of Louisiana Constitution Art. X, § 13 (B).
The Louisiana Constitution, Art. X, § 13 (B) provides that: "Cities. Each city subject to this part shall make adequate annual appropriations to enable its civil service commission and department to implement this part efficiently and effectively."
On September 11, 2014, the Council adopted Ordinance No. 14-160 which provided that pursuant to § 5.03 of the Charter, the administrative offices and employees necessary for the proper administration of the government of the Parish of Plaquemines and the other political subdivisions and the districts therein may be located at the "Parish Seat" or at other public buildings as may be designated by the Parish Council. Therefore, the Civil Service Department would be assigned office space in the Port Sulphur Government Building, Room Numbers 211, 214, 215, 217 and testing room office space would be located at Belle Chasse Government Complex, 333 F. Edward Herbert Blvd., Building 600, Belle Chasse, Louisiana. On August 13, 2015, pursuant to § 5.03 of the Charter, the PCC voted to adopt Ordinance No. 15-107, which rescinded prior Ordinance No. 14-160, thereby changing the location of the Department of Civil Service to Port Sulphur only. The new ordinance provided that the Civil Service Department was to be assigned office space located in the Port Sulphur Government Building, Room Numbers 211, 214, 215, 217 and the testing room was also to be located in the Port Sulphur Government Building, located at 8028 Hwy. 23, Port Sulphur, Louisiana.
*1045 An ordinance and a legislative act are presumed to be constitutional. Randolph v. Alexandria Civil Service Commission , 04-1620, p. 4 (La. App. 3 Cir. 4/6/05), 899 So.2d 857, 861. The party attacking the constitutionality of the statute or ordinance has the burden of proving that the statute or ordinance is unconstitutional. City of Lafayette v. Butcher Air Conditioning Co. Inc. , 392 So.2d 757 (La. App. 3 Cir. 1980). It is well settled that the burden of proving the unconstitutionality of an act or ordinance is by clear and convincing evidence. Theriot v. Terrebonne Parish Police Jury , 436 So.2d 515 (La. 1983). Municipal acts are to be interpreted to sustain validity if susceptible to reasonable interpretation having legal effect. Gurst v. City of Natchitoches , 428 So.2d 502 (La. App. 3 Cir. 1983).
Ostensibly, after hearing all of the testimony and evidence the trial court determined that while the Port Sulphur offices may not be as conveniently located to Belle Chasse as the Appellants would have liked, the "inconvenience" did not reach the level which would rendered the Commission unable to perform its work effectively and efficiently.
The Council clearly has the authority to administer parish property under § 4.01 of the Charter. The Appellants have failed in their burden of proof, by clear and convincing evidence, that Council's Ordinance No. 15-107 impaired the effective and efficient operation of the Department. Thus, the constitutional requirements were satisfied. There is no merit to this assignment of error.
In the Appellants' second assignment of error, they assert that the trial court erred in failing to find that the Council's relocation of the Department of Civil Service pursuant to the Parish Charter, § 5.03, was an unlawful infringement by the legislative branch into the constitutionally protected operations of an executive agency, in violation of the Louisiana Constitution Art. VI, § 6. While this assignment of error dovetails into the appellants' first assignment of error we will distinguish the issues.
The Council derives its authority from provisions in the Charter, pursuant to Article II Powers of Parish Government, Section 1, Powers of Parish Council and all subsequent sections that follow including the promulgation and amending of ordinances. The Appellants' arguments asserting that § 5.03 was an unlawful infringement by the legislative branch into the constitutionally protected operations of an executive agency is specious at best. The evidence shows that the Commission has been located in numerous facilities over the years, including the Port Sulphur Government Building. The Appellants never challenged the location of the Civil Service Department location in Port Sulphur from approximately 1997 through 2005 when Hurricane Katrina devastated the majority of Plaquemines Parish. The only challenge comes after this devastation and the necessary relocation to Belle Chasse.
As noted above, the trial court concluded that:
While the Port Sulphur offices may not be as conveniently located to Belle Chasse as plaintiffs would like, the Court does not find this 'inconvenience' goes to the Civil Service Commission's alleged inability to perform its work. The Court notes that there was no evidence at trial that they were unable to operate effectively and efficiently when they were assigned to the Port Sulphur office in the past. This Court does not accept the assertion that the Commission's future assignment to the Port Sulphur office would result in its ineffective or inefficient operation at this time.
We are in agreement with the trial court. The Appellants have failed to meet *1046 their burden of proof by clear and convincing evidence that the Council's enactment of Ordinance 15-107 is an unconstitutional infringement by the parish's legislative body into the operations of an executive agency in violation of Article VI, § 6, and § 5.03 of the Charter. This Ordinance was duly adopted by the governing authority of Plaquemines Parish through the Council. There is no unconstitutional overreaching by the Council under Article X, § 13 (B) of the Louisiana Constitution. There is no basis to overturn the legality of Ordinance 15-107 and the great deference afforded the trial court's findings of fact.
In the Appellants' final assignment of error they assert that the trial court erred when it denied injunctive relief and failed to rule whether the Parish Council and Government violated an earlier judicial mandate in Plaquemines Parish Council, et al. v. Luke A. Petrovich , 662 So.2d 542 (La. App. 4 Cir. 10/18/95), writ granted, judgment vacated 663 So.2d 703 (La. 11/3/95).
The Appellants have failed to state a reasonable basis for the applicability of this case. Based on the trial court's well-reasoned judgment in finding that the Appellants have failed to satisfy their burden of proof challenging the validity of Ordinance 15-107 and the Council's authority to promulgate and implement the Ordinance, we find this assertion not only jurisprudentially inapplicable but moot. The trial court did not error in denying the Appellants request for injunctive relief. There is no merit to this assignment of error.
Accordingly, based on the record before this Court, applicable jurisprudence and evidence presented to the trial court, we affirm the judgment of the trial court.
AFFIRMED

The Commission consists of five members chosen from five colleges located throughout the State of Louisiana, who are appointed by the PPC to serve a six-year term without compensation. The Commission selects the Director of the Civil Service Office. The Commission is independent from the PPC and the Parish President's Office. The Department of Civil Service employees are paid by the Department of Plaquemines Parish Government.

The appellants also reference a subsequent unpublished opinion in the same titled case referenced at 675 So.2d 305 (La. App. 4 Cir. 6/26/96). The original case was an election suit.

Home Rule Charter and Charter for Self-Government for Plaquemines Parish are use indiscriminately and interchangeably throughout the record.